## INSURANCE COMPANY *v.* MOWRY.

1. The only case where a representation as to the future can operate as an estoppel is where it relates to the purposed abandonment of an existing right, and was intended to influence, and has influenced, the conduct of the party to whom it was made. A promise as to future action, touching a right dependent upon a contract to be thereafter entered into, does not create an estoppel.

2. The promise of an insurance company, that if a party will take out a policy he shall be notified when to pay the annual premiums before he shall be required to pay them, will not, although such notice is not given, estop the company from setting up the forfeiture which, according to the terms of the policy subsequently accepted, was incurred on the non-payment of the premium when due.

3. The policy issued by the company and accepted by the assured must, in a court of law, be taken as expressing the final agreement of the parties, and as merging all previous verbal stipulations.

4. The court in this case holds that the authority of the local agent of the company was limited to countersigning the policy and receiving the premiums.

ERROR to the Circuit Court of the United States for the District of Rhode Island.

This was an action by Daniel A. Mowry, upon a policy of insurance for the sum of $10,000, issued to him, for his sole benefit, by the Union Mutual Life Insurance Company, — a corporation created by the laws of Maine, — upon the life of Nelson H. Mowry.

The facts of the case and the instructions to the jury are stated in the opinion of the court.

The concluding clause of the policy is as follows: "But the same [the policy] shall not be binding until countersigned and delivered by John Shepley, agent at Providence, R. I., nor until the advance premium is paid."

There was a verdict for the plaintiff; and, judgment having been rendered thereon, the defendant sued out this writ of error.

*Mr. Benjamin F. Thurston* and *Mr. Charles H. Parkhurst* for the plaintiff in error:

The representations of Shepley, relating to the rights and liabilities of the parties to a contract to be executed *in futuro*, are not matter of estoppel; but, if they were, there must be proof that the company authorized him to make them, or subse-

quently ratified them. There was no such proof. The only ratification is contained in the last clause of the policy, and his authority is there expressly limited to countersigning and delivering that instrument and receiving the premium. His promise that the company would give timely notice to the plaintiff when the premiums were due did not bind the company, nor waive the forfeiture incurred by the non-payment of them.

The policy determines the rights of the parties; and its provisions cannot, in the absence of fraud, be defeated by the verbal agreements, or the conduct of the parties or their agents, which preceded its execution and delivery.

The instructions of the learned judge below were evidently erroneous.

*Mr. J. J. Storrow, contra.*

The failure of the plaintiff to pay the second premium *ad diem* was owing to the conduct of Shepley. He was the agent of the company to negotiate the contract of insurance and give validity to it by his signature, as well as to receive the premium. As no limitation of his authority was proved, the jury were warranted in inferring that none existed, and that his representations and promises which misled the plaintiff were those of the company. The latter was therefore estopped from setting up the clause of forfeiture. *Insurance Company* v. *Wilkinson*, 13 Wall. 222; *Same* v. *Mahone*, 21 id. 152; *Rockford Insurance Co.* v. *Nelson*, 75 Ill. 548; *Boos* v. *World Mutual Life Insurance Co.*, Thomp. & C. (N. Y.) 364; *Mayer* v. *The Mutual Life Insurance Co. of Chicago*, 38 Iowa, 304.

MR. JUSTICE FIELD delivered the opinion of the court.

This was an action on a policy of insurance, issued by the Union Mutual Life Insurance Company, a corporation created under the laws of Maine, upon the life of Nelson H. Mowry, for the sum of $10,000. The insurance was effected by a nephew of the insured, for his sole benefit. The nephew was at the time a creditor of the insured to the extent of $6,000, and had agreed to embark with him in an enterprise requiring the expenditure of considerable capital, and depending for its success upon the

knowledge and skill of the insured in business. These circumstances gave the nephew such an interest in the life of the insured as to prevent the policy from being a wager one. The insurance effected was from the 9th of March, 1867, and the policy recited the payment of the first annual premium on that day, and stipulated for the payment of the subsequent premiums on the same day of that month each year. The payment of the insurance money, after notice and proof of the death of the insured, was made dependent upon the punctual payment, each year, of the premium. The policy, in terms, declared that it was made and accepted by the insured and the nephew, upon the express condition that if the amount of any annual premium was not fully paid on the day and in the manner provided, the policy should be "null and void, and wholly forfeited." And it declared that no agent of the company, except the president and secretary, could waive such forfeiture, or alter that or any other condition of the policy.

The second premium, due on the 9th of March, 1868, was not paid, and the insured died on the 8th of April following. Forty-five days after it was due, and fifteen days after the death of the insured, this premium was tendered to the company, and was refused. The question for determination is, whether a tender of the premium at that time was suffi cient to hold the company to the payment of the insurance money.

By the express condition of the policy, the liability of the company was released upon the failure of the insured to pay the premium when it matured; and the plaintiff could not recover, unless the force of this condition could in some way be overcome. He sought to overcome it, by showing that the agent, who induced him to apply for the policy, represented to him, in answer to suggestions that he might not be informed when to pay the premiums, that the company would notify him in season to pay them, and that he need not give himself any uneasiness on that subject; that no such notification was given to him before the maturity of the second premium, and for that reason he did not pay it at the time required. This representation before the policy was issued, it was contended

in the court below, and in this court, constituted an estoppel upon the company against insisting upon the forfeiture of the policy.

But to this position there is an obvious and complete answer. All previous verbal arrangements were merged in the written agreement. The understanding of the parties as to the amount of the insurance, the conditions upon which it should be payable, and the premium to be paid, was there expressed, for the very purpose of avoiding any controversy or question respecting them. The entire engagement of the parties, with all the conditions upon which its fulfilment could be claimed, must be conclusively presumed to be there stated. If, by inadvertence or mistake, provisions other than those intended were inserted, or stipulated provisions were omitted, the parties could have had recourse for a correction of the agreement to a court of equity, which is competent to give all needful relief in such cases. But, until thus corrected, the policy must be taken as expressing the final understanding of the assured and of the insurance company.

The previous representation of the agent could in no respect operate as an estoppel against the company. Apart from the circumstance that the policy subsequently issued alone expressed its contract, an estoppel from the representations of a party can seldom arise, except where the representation relates to a matter of fact, — to a present or past state of things. If the representation relate to something to be afterwards brought into existence, it will amount only to a declaration of intention or of opinion, liable to modification or abandonment upon a change of circumstances of which neither party can have any certain knowledge. The only case in which a representation as to the future can be held to operate as an estoppel is where it relates to an intended abandonment of an existing right; and is made to influence others, and by which they have been induced to act. An estoppel cannot arise from a promise as to future action with respect to a right to be acquired upon an agreement not yet made.

The doctrine of estoppel is applied with respect to representations of a party, to prevent their operating as a fraud upon one

who has been led to rely upon them. They would have that effect, if a party who, by his statements as to matters of fact, or as to his intended abandonment of existing rights, had designedly induced another to change his conduct or alter his condition in reliance upon them, could be permitted to deny the truth of his statements, or enforce his rights against his declared intention of abandonment. But the doctrine has no place for application when the statement relates to rights depending upon contracts yet to be made, to which the person complaining is to be a party. He has it in his power in such cases to guard in advance against any consequences of a subsequent change of intention and conduct by the person with whom he is dealing. For compliance with arrangements respecting future transactions, parties must provide by stipulations in their agreements when reduced to writing. The doctrine carried to the extent for which the assured contends in this case would subvert the salutary rule, that the written contract must prevail over previous verbal arrangements, and open the door to all the evils which that rule was intended to prevent. *White* v. *Ashton,* 51 N. Y. 280; Bigelow, Estoppel, 437–441; *White* v. *Walker,* 31 Ill. 422; *Faxton* v. *Faxon,* 28 Mich. 159.

The learned judge who tried this case in the Circuit Court instructed the jury, in substance, that if they could find from the language of the agent that there was an agreement between him and the assured, made before the policy was executed, that the latter should have notice before he should be required to pay the annual premium, then that the company, not having given such notice, was estopped from setting up the forfeiture stipulated by the policy for non-payment of the premium when due. For the reasons we have stated, we think the court erred in this instruction.

There is nothing in the record which shows that the agent was invested with authority to make an insurance for the company. In representing himself as an agent, he only solicited an application by the assured to the company for a policy. That instrument was to be drawn and issued by the company, and it shows on its face that the authority to the agent was limited to countersigning it before delivery and to receiving the premiums.

But even if the agent had possessed authority to make an insurance for the company, and he made the agreement pretended, still the assured was bound by the terms of the policy subsequently executed and accepted by him.

The judgment must be reversed, and the cause remanded for a new trial; and it is

*So ordered.*