CASE 38—PETITION ORDINARY—November 5,

# National Mutual Benefit Association v. Heckman, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. EVIDENCE OF A VERBAL AGREEMENT PERTAINING TO THE SUBJECT-MATTER OF A WRITTEN CONTRACT, made before or at the time of the execution of the written contract, and not embraced therein, is not admissible for the purpose of restricting, enlarging, or in any way varying the terms of the written contract, and this rule applies as well to an insurance contract as to any other written contract.

In this case it is held that verbal testimony is not admissible to prove an agreement upon the part of an applicant for membership in a mutual benefit society that he would not act as brakeman on a railroad, the agreement not being made part of the written application nor of the certificate of membership.

2. INSURANCE.—The applicant having stated his occupation to be that of "machinist and railroader," and it being so written down in the application, the fact that the applicant agreed to strike out the word "railroader" is not a defense to an action on the policy, as this was not equivalent to an agreement not to act as brakeman on a railroad, and the striking out of the word "railroader" could not have obliterated the knowledge of the company that the applicant was acting as brakeman on a railroad.

National Mutual Benefit Association v. Heckman, &c.

BULLITT & HARRIS, C. H. SHIELDS, JR., AND HELM BRUCE FOR APPELLANT.

The liability of the company being limited to the amount that might be realized by assessment, the judgment should have been that the company make an assessment, and not for a sum in gross.

JAMES HARLAN AND O'NEAL, JACKSON & PHELPS FOR APPELLEES.

Evidence of verbal agreements entered into before or at the time of the execution of a written contract, but not embraced therein, is not admissible to alter or vary the written contract.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

On the twenty-fourth day of October, 1882, in consideration of certain written representations made by George H. Heckman, and the payment of certain fees to the appellant and his promise to pay certain other fees at stated periods, he was enrolled as a member of the appellant, and received its certificate of membership, in which certificate the appellant agreed to pay to his, George H. Heckman's, mother, within sixty days after proof of his death, such sum as should be realized from an assessment on all surviving members of the division of the association in which George H. Heckman was admitted as a member. This certificate provides that in case George H. Heckman failed to pay to the appellant the sum of two dollars within thirty days after each anniversary of his membership, and the further sum of one dollar within thirty days after the death of any member of the association, his membership should be forfeited, together with all benefits accruing therefrom.

The certificate fails to declare any other act or omission of the member a ground of forfeiture of his membership. By the rules of the association, no one could

become a member of it except upon written application, in which the applicant must answer certain questions satisfactory to the association, which answers form the basis of the agreement with it, and become a part of the certificate of membership.

George H. Heckman, on the day that he received the certificate of membership as a member of the appellant, filed his written application to become a member, in which he gave his occupation, which was so written down by the appellant, as that of "machinist and railroader."

Shortly after George H. Heckman was admitted as a member of the appellant he was killed, while acting as brakeman of a train of railroad cars, by an accident which befell the train. His mother, the beneficiary named in the certificate, brought suit against the appellant for the purpose of recovering the sum for which he was insured. The appellant resisted her right to recover upon the following grounds:

First. That upon the presentation of his, George H. Heckman's, written application to become a member of the appellant, with the words "machinist and railroader" written therein as his occupation, the appellant informed him that, before his application would be accepted, the word "railroader" must be stricken from the written application, as the appellant would not admit a brakeman on a railroad to membership; thereupon he agreed with the appellant that the word "railroader" should be stricken from the application, but by mistake and oversight it was not done.

Second. That it was agreed by George H. Heckman and the appellant that he might act as conductor on

a railroad; but if he acted as brakeman on a railroad his policy should be forfeited. That he was killed while acting as brakeman on a railroad, whereby his policy was forfeited.

The appellant does not allege that George H. Heckman's agreement not to act as brakeman on a railroad was to become a part of the written agreement, and that it was left out of the written agreement by mistake. Nor does the appellant allege that brakemen on railroads were prohibited by its by-laws from becoming members of the association.

The only allegation of mistake is in reference to striking the word "railroader" from the written application. Suppose the word had been stricken, the appellant, nevertheless, knew that the George H. Heckman was a brakeman as well as a machinist; it was informed of that fact at the time of the application; and the agreement to strike the word "railroader" out did not, and could not, obliterate the knowledge of the fact that acting as brakeman on a railroad was a part of his occupation. Nor was such agreement equivalent to a promise on his part not to act as brakeman on a railroad. Therefore, the answer in this particular is not sufficient to entitle the appellant to any relief.

The alleged agreement, which is independent of the agreement to strike the word "railroader" out, is that George H. Heckman promised not to act as brakeman on a railroad. This agreement, it is alleged, was made before the certificate was signed and delivered. The agreement was not made a part of the written application, nor was it made a part of the certificate of membership.

vol. 86—17

It is a universal rule that a written contract must contain all the essential terms of the contract; and that a verbal agreement appertaining to the subject-matter of the written contract, made before ·or at the time of the written contract and not embraced therein, is not admissible for the purpose of restricting, enlarging, or in any way varying the terms of the written contract. The same rule covers contracts of insurance where the basis of the agreement is a written application.

In May on Insurance it is said : " If written application be made, it will be presumed to contain the representations which evidence the contract, and proof of prior or subsequent verbal statements is inadmissible ; and especially if it be an oral representation as to a future fact."

In Insurance Co. v. Mowry, 96 U. S., 544, it is said : "All previous verbal arrangements were merged in the written agreement. The undertaking of the parties as to the amount of the insurance, the conditions upon which it should be payable, and the premium to be paid, was there expressed, for the very purpose of avoiding any controversy or question respecting them. The entire engagement of the parties, with all the conditions upon which its fulfillment could be claimed, must be conclusively presumed to be there stated."

As before intimated, it is not alleged that the agreement not to engage as brakeman on a railroad was to be ingrafted in the written application, but was left out of it by mistake. The agreement, therefore, is inadmissible to vary the terms of the written agreement.

The fifth paragraph of the appellant's answer alleges that George H. Heckman "fraudulently represented

himself to be out of employment on a railroad." The first paragraph of the appellant's answer alleges that George H. Heckman had its permission to engage in the service of a railroad, except in the capacity of a brakeman. Also, it is not alleged that the appellant relied upon this representation, or that it was induced to issue the policy by reason of this representation.

We think that the answer sets up no sufficient defense.

The judgment of the lower court giving the appellees three thousand five hundred and thirty-seven dollars and forty cents is affirmed.