GERMANIA INSURANCE COMPANY *v.* BROMWELL.

Opinion delivered February 8, 1896.

FIRE INSURANCE—VALIDITY OF IRON-SAFE CLAUSE.—A provision in an insurance policy requiring the assured to keep a set of books, showing the changes taking place from time to time in the stock of goods insured, in an iron safe or other secure place is reasonable and valid.

POLICY—CONTRADICTION BY PAROL EVIDENCE.—A provision in a policy of fire insurance requiring that assured shall keep a set of books cannot be contradicted by parol evidence that, before the policy was issued, the company's agent told the assured that it was unnecessary to keep such books.

CONDITIONS OF POLICY—WAIVER.—A stipulation in a policy that the assured shall keep a set of books is not waived by a statement to the insured by the agent before the policy was issued that it is unnecessary to keep such books.

Appeal from Phillips Circuit Court.

GRANT GREEN, JR., Judge.

### STATEMENT BY THE COURT.

This was an action upon an insurance policy issued to C. E. Bromwell by the Germania Fire Insurance Company. The amount of the policy was $500, apportioned as follows : $300 on stock of merchandise and $200 on furniture, household goods, etc. The insurance company admitted its liability for the loss of the furniture and household goods, but denied that it was liable for the merchandise. The policy contained the usual "iron-safe clause," the material portion of which, so far as it is necessary to consider here, is as follows : " The assured under this policy hereby covenants to keep a set of books, showing a complete record of business transacted, including all purchases and sales, together with the last inventory of said business ; * * * and in case of loss, whether the store be open for business or not, the assured warrants and covenants to produce such books and inventory, and, in the event of a failure to produce the same, this policy shall be deemed null and void, and no suit or action at law shall be maintained thereon for any such loss." The policy also contained this provision : " This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto ; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such

provisions or conditions, unless such waiver, if any, shall be written upon and attached hereto,'' etc.

The plaintiff kept no books, except one showing sales on credit. He had an inventory showing the amount of goods on hand several months before the fire, but he had no record of the cash sales made since the inventory was taken. The plaintiff and his wife, who acted as his agent in attending to the store, testified that Stone, the agent of the insurance company, came and looked at the premises and property before issuing the policy of insurance ; that they at that time informed Stone that they could not keep books, and that the business was too small to justify the employment of a bookkeeper ; that he thereupon said to them that it was not necessary to keep books. The testimony of Stone, the agent, tended to contradict this testimony of the plaintiff and his wife, but it is not necessary to set it out. There was a verdict and judgment in favor of plaintiff.

*Jno. J. & E. C. Hornor* for appellant.

1. The verdict of a jury upon the preponderance of the evidence will not be set aside, if the instructions are unobjectionable. 25 Ark. 11. But where the verdict is grossly contrary to law, though in accord with the instructions of the court, and totally unsupported by any *legal* evidence, the judgment will be reversed. 28 Ark. 550. When the verdict is the result of a plain, palpable mistake of the jury, or is attributable to the prejudice, or, may be, of some knowledge on the part of the jury of the circumstances, it will be set aside. 33 Ark. 751. Or where there is no evidence of importance to sustain it, the verdict will be set aside. 40 Ark. 168.

2. The ''iron-safe clause'' and the keeping a set of books are reasonable conditions, amounting to warranties, and have been given full effect in this state. 58 Ark. 575 ; 53 *id.* 353. In the absence of fraud or impo-

sition, statements or waivers by the agent, prior to or at the time of making the contract, cannot be proved. The policy is the evidence of the contract, and appellee cannot be heard to say that the contract was other than that shown by the face of the policy. 50 Ark. 406; 26 Pac. 718; 58 Ark. 281. No waiver can be shown, except by endorsement on the policy.

3. The evidence wholly fails to show the amount of the goods destroyed by fire. 2 May on Ins. sec. 465; *Ib.* sec. 460; 12 Fed. Cases, 700.

*Quarles & Moore* for appellee.

1. All the instructions asked by appellant were given, and the only question is, was there any evidence to sustain the verdict? 40 Ark. 168; 49 *id.* 122; 51 *id.* 467; 58 *id.* 125. In the cases cited by appellant (58 Ark. 575; 53 *id.* 353), there was no proof of a waiver, and they do not apply.

2. In this cause the agent admits the waiver. Proof of loss may be waived by parol, though the policy requires a waiver in writing. 32 S. W. 383; 39 Am. Rep. 591; 36 Md. 102; 36 N. E. 990; 53 Ark. 215; 28 S. W. 453. When an agent accepts a premium, having knowledge that a condition of the policy is being violated, the waiver may be shown by parol. 24 S. W. 804; 26 *id.* 928.

Validity of "iron-safe clause."

RIDDICK, J., (after stating the facts.) It is admitted by Bromwell, the assured, that he did not comply with the provisions of the "iron-safe clause" in his policy. That clause required the assured to keep a set of books showing the changes taking place from time to time in the stock of goods insured. The reason of it is apparent, for without such books the amount of merchandise on hand at time of the fire could not be told. Similar provisions have been frequently held valid by this court. *Southern Ins. Co.* v. *Parker*, 61 Ark. 207,

32 S. W. 509; *Western Assurance Co.* v. *Altheimer*, 58 Ark. 575; *Pelican Ins. Co.* v. *Wilkerson*, 53 Ark. 353.

As an excuse for failing to comply with this require- Contradicting policy by parol evidence. ment of his policy, Bromwell testified that before the policy was issued the agent of the company told him that it was unnecessary to keep such books. But it was not competent thus to contradict the material stipulations of the policy by evidence of the parol declarations of the parties made at the time or before the policy was issued. The rule that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument" applies to contracts of insurance as well as to other written or printed contracts. *Robinson* v. *Insurance Co.*, 51 Ark. 441; *Southern Ins. Co.* v. *White*, 58 Ark. 281; *Weston* v. *Emes*, 1 Taunton, 115; *Mobile Life Ins. Co.* v. *Pruett*, 74 Ala. 497; *Thompson* v. *Ins. Co.*, 104 U. S. 259; *Insurance Co.* v. *Mowry*, 96 U. S. 547; 1 Wood on Fire Ins. 10; 1 Greenleaf on Ev. sec. 275.

It is contended by counsel for appellee that this Waiver of condition of policy. provision of the policy was waived by the declaration of the agent, made before the policy was issued, and that the company cannot now assert it, but we think that this contention is not sound. The case of *Sprott* v. *N. O. Ins. Ass.*, 53 Ark. 215, cited by counsel, does not support such contention, for there the written application for insurance, upon which the policy was issued, notified the insurer where the books would be kept. That was not an attempt to contradict the terms of the policy by evidence of parol contemporaneous statements, but by a writing which could be treated as a part of the contract. It is true there are many cases which hold that requirements as to notice and proof of loss may be waived. There are also many cases holding that an insurance company may, under certain circumstances, be estopped from taking advantage of a forfeiture or

breach of a condition in the policy. "Any unequivocal and positive act of the company recognizing the policy as valid after a knowledge of its breach, or any act that puts the insured to unreasonable expense or trouble in the justifiable belief that the company still regards the policy as valid, will estop the company from taking advantage of the forfeiture." Richards on Ins. sec. 64 ; Wood on Fire Ins. 1161 ; *Insurance Co.* v. *Brodie*, 52 Ark. 11 ; *German Ins. Co.* v. *Gibson*, 53 Ark. 494. There are a large number of cases resting upon this rule, some of which have been cited by counsel, but there is a broad distinction between those cases and the one at bar. In those cases the acts of the agent or company which were treated as a waiver or were held to constitute an estoppel took place at the time of or after the breach of the condition, but the declarations of the agent relied on here to create an estoppel or waiver by the company took place not only before the breach of the condition occurred, but before the policy was issued. An estoppel can seldom arise, except when the representation relates to a matter of fact existing at the time or previously. Acts which waive a forfeiture must, of necessity, follow, or at least accompany, the acts which would otherwise constitute the forfeiture, for there cannot be a waiver of a forfeiture until a forfeiture exists.

A company or its agents may, by acts clearly recognizing a policy as valid after notice of the facts, waive a breach of a condition in a policy already existing, but it cannot well be contended that an agent could, by his acts or declarations, waive the stipulations of a policy not then in existence. *Bernard* v. *Life Insurance Association* 32 N. Y., Supp. 223 ; *Insurance Co.* v. *Mowry*, 96 U. S. 547; Bigelow on Estoppel, (5 ed.) 574; *Thompson* v. *Insurance Co.* 104 U. S. 259; *Mobile Life Ins. Co.* v. *Pruett*, 74 Ala. 497.

This doctrine of estoppel and waiver has no application when the declaration of the agent relates to the rights depending upon contracts yet to be made, to which the person complaining is to be a party, for in such a case he has it in his power to protect himself by proper stipulations in the contract when reduced to writing. *Insurance Co.* v. *Mowry*, 96 U. S. 547; Bigelow on Estoppel (5th ed.) 574.

The case last cited arose upon a life insurance policy. The agent had agreed that the insured should be notified by the company when each premium fell due. No such provision was put in the policy, but, by an express condition of the policy, the company was released from liability upon the failure of the insured to pay the premium when it matured. It was contended that the company could not insist upon this condition on account of the promise of the agent and the failure of the company to give the notice before the premium became due. "But," said the court, "to this position there is an obvious and complete answer. All previous verbal arrangements were merged in the written agreement. The understanding of the parties as to the amount of the insurance, the conditions upon which it should be payable, and the premium to be paid, was then expressed for the purpose of avoiding any controversy or question respecting them. The entire engagement of the parties, with all the conditions upon which its fulfillment could be claimed, must be conclusively presumed to be there stated. If, by inadvertence or mistake, provisions other than those intended were inserted, or stipulated provisions were omitted, the parties could have recourse for a correction of the agreement to a court of equity, which is competent to give all needful relief in such cases. But, until thus corrected, the policy must be taken as expressing the final understand-

ing of the assured and of the insurance company." *Insurance Co.* v. *Mowry, supra.*

The above extract from the opinion of the United States Supreme Court asserts only well known rules of law which must apply in this case. If the agent of the insurance company .agreed with appellee that he need not keep books, he should have refused to accept a policy in which it was expressly stipulated that he should keep books. If, through mistake, he accepted a policy which did not express the contract made with the agent, he should have applied to a court of equity to have the contract reformed. Having brought his action at law upon the policy, and prosecuted it to judgment, he has elected to treat it as expressing the true contract between himself and the company, and he cannot now recede from it or contradict it. *Washburn* v. *Great Northern Ins. Co.*, 114 Mass. 175. We must, therefore, in considering this case, disregard entirely the testimony of oral contemporaneous declarations which contradict the provisions of the policy, and we conclude that the judgment of the circuit court is without evidence to support it.

The appellee undertook that he would keep a set of books showing a complete record of his business. He failed to do so, and, by the terms of his contract, he cannot recover. The judgment is reversed, and the cause remanded for further proceedings.

BATTLE, J., dissented.