CAIN CALMENSON v. EQUITABLE MUTUAL FIRE INSURANCE
COMPANY OF MINNEAPOLIS.[1]

June 17, 1904.

Nos. 13,908—(137).

**Insurance Policy—Parol Evidence.**
>    Contemporaneous verbal statements, agreements, and understandings
> offered in evidence to establish assent to additional insurance prohibited
> by the terms of the policy subsequently issued are merged in the written
> contract, and inadmissible.

Appeal by plaintiff from an order of the district court for Hennepin
county, Willard R. Cray, J., denying a motion for a new trial.   Affirmed.
*Durment & Moore,* for appellant.
*John M. Rees,* for respondent.

LEWIS, J.

This action was brought to recover the amount of loss suffered by
fire under a policy issued by respondent company.   The defense was
interposed that, subsequent to the issuance of the policy, appellant procured other insurance without respondent's assent.   Reply alleged that
assent had been given.

During the progress of the trial, appellant made the following offer
of proof:   That he had made application to the solicitor of respondent
company for $4,000 or $5,000 insurance on his stock of goods at Lidgerwood, North Dakota; that the solicitor asked the company's secretary
if he would write the risk for that amount, and the secretary, after inquiring concerning the character of the building in which the goods
were contained, said the company would place $2,000 of the insurance,
and appellant could get the remainder in some other company; that
this fact was communicated to appellant by the solicitor, whereupon
appellant made written application for $2,000 insurance, which was submitted to the company, and was examined and approved by it; that
the solicitor told appellant he could get $2,000 other insurance, which

[1] Reported in 100 N. W. 88.

he advised him to take in old-line companies; that appellant took the policy with the understanding that he had the right to take out additional insurance, and accordingly took out $500 in another company. The offer was refused, and at the close of plaintiff's case, on motion, the court dismissed the action on the ground that appellant had not introduced evidence sufficient to sustain the cause.

The ruling of the trial court was correct. Plaintiff's cause of action was based upon the contract as evidenced by the policy, which provided:

> This policy shall be void   *   *   *   if the assured now has or shall hereafter take any insurance on said property without the assent of the company.

So far as appears from the policy, such assent might be oral; there being no requirement, as is usual, that it be in writing or be indorsed on the policy. The offer of proof that the assent was orally given by the secretary at the time verbal application was made for the insurance was inadmissible, for the reason that the application for and the contract of insurance were reduced to writing, and, under a familiar rule of evidence, all contemporaneous verbal statements, agreements, and understandings were merged in the writings. For application of the rule to written contracts of insurance, see Union Nat. Bank v. German Ins. Co., 71 Fed. 473, 18 C. C. A. 203; Union Mut Life Ins. Co. v. Mowry, 96 U. S. 544; Germania v. Bromwell, 62 Ark. 43, 34 S. W. 83.

Order affirmed.