Louis J. Kelsey, Appellee, v. Continental Casualty Company, Appellant.

**Accidental insurance:** CONSTRUCTION OF POLICY: VARIANCE BY PAROL.
1 Where a policy of accidental insurance plainly defines the terms and conditions on which the insured may recover, parol evidence, in the absence of allegations of fraud, is inadmissible to establish representations of an agent, or an understanding by the insured that indemnity could be recovered on conditions clearly excluded by the terms of the policy.

**Contracts:** PROOF OF ORAL ADDITION. The parol provisions of a 2 contract, partly in writing and partly oral, can only be proven where something is added to the writing not inconsistent therewith.

**Evidence:** WAIVER OF OBJECTION. Upon the introduction, over objection, of incompetent evidence relative to representations of an agent in procuring insurance, the fact that the objecting party afterward called and examined the agent as to the transaction was not a waiver of the right to insist on the objection.

*Appeal from Dubuque District Court.*— Hon. Fred O'Donnell, Judge.

Tuesday, July 10, 1906.

Action at law upon a policy of accident insurance. Verdict and judgment for plaintiff, and defendant appeals. — *Reversed.*

*Longueville, Kitsinger & Longueville,* for appellant.

*Bonson, Kenline & Roedell,* for appellee.

Weaver, J.— The policy in suit insures the plaintiff against personal injury in his occupation as locomotive fireman, when such injuries arise from purely accidental causes, and, solely and independently of all other causes, neces-

sarily result in: (1) In the death of the insured; in which
case the company undertakes to pay to his wife an indemnity
of $1,000; (2) In the loss of one hand or one foot; one-half
of the death indemnity will be paid to the insured. (3)
In the loss of one eye; one-fourth of the death indemnity
will be so paid. (4) In the loss of both hands or both feet
or one hand and one foot; the whole of the indemnity will
be so paid. (5) In the loss of said members of the body,
where the policy does not provide for death indemnity,
weekly benefits will be paid. (6) " In the loss of life, limbs,
sight, or time, as above provided, from unnecessary exposure
to danger, or to obvious risk of injury, or from hernia,
orchitis, fits, vertigo, somnambulism," etc., " then in all such
cases the limit of the company's liability shall be one-tenth
the amount which would otherwise be payable under this
policy, anything herein to the contrary notwithstanding."
(7) Immaterial to the present case. (8) " In his total loss
of time by reason of injury not otherwise herein provided
for, at once arising from inability to engage in any business
or occupation, a weekly indemnity of $15 for such period
of continuous loss of time, not exceeding fifty-two weeks."

During the period covered by his policy the locomotive
engine on which plaintiff was employed was struck by an-
other engine throwing plaintiff violently down upon the
shovel sheet producing hernia upon his right side and bruis-
ing him to some extent otherwise. Within a year after the
date of such injury this action was begun. The petition
sets up the issuance of the policy and its terms, and plain-
tiff's injury as aforesaid, and further avers that by reason
of the language of the policy and representations made to
him by defendant's agent at the time the application was
taken, he was led to understand and believe, and did under-
stand and believe, that defendant undertook and agreed to
pay a weekly indemnity of $15 for his loss of time not ex-
ceeding fifty-two weeks caused by bodily injuries, including
rupture produced through external violence and accidental

causes and necessarily resulting in his total loss of time, and that the hernia mentioned in the sixth clause of the policy referred solely to hernia existing at or before the date of the injury and not directly produced by an accident occurring while the policy was in force.   It is further alleged that by reason of the injuries received by the plaintiff as aforesaid he suffered a total loss of time for a continuous period of thirty weeks for which he demands judgment under the provisions of the eighth clause of the policy hereinbefore quoted.   A motion to strike from .the petition the allegation as to representations made by the agent having been overruled, the defendant answered admitting its corporate capacity, but denying all other allegations . of the petition.

Upon the trial in the district court the plaintiff as a witness in his own behalf was permitted, over the objection of the appellant, to testify that the agent taking his applica-

1. ACCIDENTAL INSURANCE: construction of policy: variance by parol.

tion for the policy in suit assured him that if hurt by purely accidental means he would receive an indemnity for the loss of time resulting therefrom in the sum of $15 per week and that where hernia was found, if it existed prior to the accident, the indemnity would be but one-tenth of the full weekly benefits but where such hernia was produced by the accident full benefits would be paid.   Upon the point raised by the objection to this testimony the court instructed the jury as .follows:

(8) If you believe from a preponderance of the evidence that plaintiff at the time he was solicited to take a policy in the defendant company, by its agent, Coulter, he was informed by said Coulter that in case he was injured and the injury resulted in a hernia, that he could recover the $15 indemnity for total loss of time, and that plaintiff relied on such statement and so understood the policy to mean, from such statement, of said agent, then if you believe plaintiff was injured by external, violent, and. purely accidental causes,

and the injury resulted solely and independently of all other causes except the accident, and plaintiff suffered a hernia from such injury or as part of the injury, and by reason of such hernia he suffered a total loss of time during which time he was unable to engage in any business or occupation, then for the time so lost, which was continuous, and not interrupted by a period when he did not lose time as above provided, he would be entitled to recover $15 per week therefor.

(9) If at the time plaintiff was solicited to insure in defendant company by the agent of defendant, he was informed by the agent that if he was injured so as to cause hernia, and he suffered therefrom a total loss of time, that under the provisions of said paragraph 6 he would only receive one-tenth of the $15 per week indemnity and plaintiff so understood from said agent that the policy so provided, then in such case, he could only recover $1.50 per week for actual loss of time.

The question presented by these rulings and instructions is first in importance and is given principal attention in the arguments by counsel. We are constrained to believe that the court should have sustained the appellant's objection to the testimony, and that the instructions above quoted should not have been given. For the purposes of this case it may be conceded that the agent of an insurance company may under some circumstances waive conditions of forfeiture, and that where the provisions of the contract are ambiguous or fairly susceptible of more than one construction it will be interpreted according to the meaning which the company or its agent had reason to believe the insured placed upon it, when he received the policy. But we find no room for the application of either principle to the case before us. There is no claim nor is there any evidence tending to show that the agent attempted to waive the effect of any forfeiture clause in the policy. Neither do we find any ambiguity in the policy so far as the clause in controversy is concerned. As we have seen, it provides for indemnity for certain injuries accidently occasioned and resulting, solely and independently of all other causes, (1) in death; (2) in

loss of hand or foot; (3) in loss of eye; (4) in loss of both hands, or both feet, or one hand and one foot; (5) in loss of such members, where no death indemnity is provided; and (6) for one-tenth of full indemnity or benefit where the injury results in loss of life, limbs, sight, or time, as above provided, from unnecessary exposure to danger or to obvious risk of injury, or from hernia.  In our judgment this language is open to but one interpretation, and that is that for loss of time, resulting wholly or in part from hernia accidently produced, the amount which the company undertakes to pay is but one-tenth of the indemnity or benefits which the insured would be entitled to receive for a like loss of time occasioned by injuries not enumerated as being within the exceptions or restrictions contained in said sixth clause of the policy.

We think no case goes to the extent of holding that a person insuring life, limb, or property may be allowed to show that he understood or was told by the agent that the promised indemnity should be construed to include a risk which by the express terms of the writing is excluded.   Certainly this is true where, as in this case, no fraud or deceit is alleged or shown as to what terms are in fact contained in the policy.   The plaintiff makes no claim that he did not know just what the language of the policy was in respect thereto.   On the contrary, his testimony implies that he did know the provision contained in the sixth clause of the policy, but says that the agent assured him that the exception or limitation there expressed was applicable only to hernia which existed at the time when the policy was issued or at the time of the injury.   To allow this claim to prevail would be to do away entirely with the effect which the law has always given to written contracts, and enable the insured by dint of parol evidence to eliminate any and every provision which limits or restricts the insurer's liability, and make not only the fact of insurance, but the nature and extent of the risk, determinable in every case, not by the writ-

ten agreement, but by parol proof of prior and contemporary oral statements and conversations. See *Congower v. Association*, 94 Iowa, 499; *Rouss v. Creglow,* 103 Iowa, 60; *Insurance Co. v. Ruse,* 8 Ga. 534; *Finney v. Insurance Co.,* 8 Metc. (Mass.) 348 (41 Am. Dec. 515); *Insurance Co. v. Holzgrafe,* 53 Ill. 516 (5 Am. Rep. 64); *Knudson v. Legion of Honor,* 7 S. D. 214 (63 N. W. 911); *Mumford v. Hallett,* 1 Johns. (N. Y.) 433; *Lewis v. Thatcher,* 15 Mass. 431; *Thompson v. Insurance Co.,* 104 U. S. 252 (26 L. Ed. 765); *Russell v. Russell,* 64 Ala. 500.

Nor does the present case come within the rule of the precedents which recognize the doctrine that contracts may exist partly in writing and partly in parol. Such contracts

2. CONTRACTS: proof of oral additions.

are never upheld where the alleged oral part serves merely to eliminate or destroy the effect of the writing. It is only where it adds some stipulation which is not necessarily inconsistent with the writing that a contemporaneous oral agreement will be upheld. *Thomas v. Scutt,* 127 N. Y. 138 (27 N. E. 961); *Chapin v. Dobson,* 78 N. Y. 74 (34 Am. Rep. 512); *Case v. Bridge Co.,* 134 N. Y. 78 (31 N. E. 254). What plaintiff insists upon in this case is not a waiver, but is a claim of right to ignore the terms of the policy and recover upon an oral agreement of an altogether different character.

We are unable to agree with appellee that, even if the trial court was in error upon the question we have discussed, there was no prejudice of which complaint can be made.

3. EVIDENCE: waiver of objection.

The mere fact that appellant, after this evidence had been introduced over its objection, called and used the agent as a witness concerning the negotiations with plaintiff for the policy, would not operate as a waiver of its right to insist upon the error in overruling such objection.

As this conclusion calls for a reversal of the judgment below, and other questions argued will not necessarily arise on a retrial, we shall not extend this opinion to consider them.— *Reversed.*