## LYNCH v. TRAVELERS' INS. CO.

(Circuit Court of Appeals, First Circuit.   November 27, 1912.)

No. 979.

**1.** INSURANCE (§ 379*)—BROKERS—AGENCY FOR INSURED—BREACH OF WARRANTY.

An insurance agent applied to decedent to take out insurance, which he agreed to do.  The agent did not regularly represent defendant, but went to defendant's office, and presented an application for a policy containing false answers made by the agent to questions relating to decedent's physical condition; the application being signed by the agent as a "broker, solicitor, agent, or subagent."  The policy was made out and delivered to the agent, who collected the premiums from decedent and paid the same to defendant's agent, by whom he was paid commissions.  The policy itself incorporated the statements made in the application, and provided that all of them should be regarded as warranties made by the insured on accepting the policy.  It was delivered to the insured, and by him accepted and retained without objection.  *Held*, that the agent was not the agent of the insurer in such sense as to estop the latter from asserting that the agent's misstatements constituted breaches of warranty in defense of the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 999–1015; Dec. Dig. § 379.*]

**2.** INSURANCE (§ 291*)—ACCIDENT POLICY—BREACH OF WARRANTY—"BODILY DEFORMITY."

Where an application for an accident policy warranted that insured had no bodily deformity, and it was conceded that he was born without fingers on his right hand, there was a sufficient breach of warranty to avoid the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 681–690, 694–696; Dec. Dig. § 291.*]

In Error to the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Action by Thomas J. Lynch, as executor of the estate of Fred S. Thorne, against the Travelers' Insurance Company.  Judgment for defendant, and plaintiff brings error.  Affirmed.

George W. Heselton, of Gardiner, Me., for plaintiff in error.
Harvey D. Eaton, of Waterville, Me., for defendant in error.

Before COLT, PUTNAM, and DODGE, Circuit Judges.

DODGE, Circuit Judge.  The plaintiff's testator obtained a verdict at the first trial, but this court reversed the judgment, and remanded the case for further proceedings, on May 27, 1910.  Travelers' Insurance Co. v. Thorne, 180 Fed. 82, 103 C. C. A. 436, 38 L. R. A. (N. S.) 626.  There has been a second trial, in February, 1912, at which the court, upon the conclusion of the evidence, directed a verdict for the defendant, and the case is now here upon the plaintiff's exceptions.  The original plaintiff has died since the second trial; his executor being now plaintiff and appellant in his place.

[1] The evidence at the first trial is so fully set forth in the

former opinion of this court that no restatement of it here will be required. It was held insufficient to support a finding that Burns was the defendant company's agent in the purchase and issuance of the policy sued on, or a finding that the defendant company had ratified Burns' acts therein, and had thus waived or lost the right to avail itself of any breach of the warranties which Burns had caused to be expressed in Thorne's name, as part of the application for the policy, and later of the policy itself. The appellant's brief concedes that the only material additions to that testimony at the second trial were the testimony of a new witness that no previous application by Thorne for insurance had been rejected, and testimony tending to show that Thorne had no impairment of vision. These additions clearly had no direct relation to the questions raised as to Burns' alleged agency for the defendant, or the defendant's alleged ratification of Burns' acts. But the appellant also contends that the evidence at the second trial "cleared up several points that were misapprehended" by this court in its consideration of the evidence at the first trial, and that its former opinion now appears to have been "founded on a misunderstanding of the facts," and "a consequent misapprehension of the testimony in regard to inception of the contracts of insurance, and a misconception of the ground of the defendant's liability."

A careful consideration of all that has been specified by the appellant as misunderstood, misapprehended, or misconceived by this court in its former opinion, or as cleared up by the evidence at the second trial, has left us unable to discover anything of this nature which we can consider sufficient to require or justify conclusions differing from those previously announced regarding the questions upon which the case turns. These are: Were any of the warranties contained in the policies sued on false? and was Burns shown to have been the defendant company's agent in such a sense, or to such an extent, that it can rightly be charged with or bound by his knowledge of the falsity of any warranty, and thus to have waived its breach?

The appellant urges that it is clear upon the present record that Burns' prior application to the company which he regularly represented (the Employers' Liability Insurance Company) had never been refused, and that the former opinion is incorrect in stating that it had been refused, in assuming that there was anything in Burns' testimony tending to show that he testified untruly upon this question, and also in supposing a difference upon this point which did not exist, between the facts in this case and the facts in Thorne v. Casualty, etc., Co., 106 Me. 274, 76 Atl. 1106, which the opinion discusses. The appellant further urges that it has been conclusively proved at the second trial that Thorne had no impairment of vision. But the utmost effect of all this is to show that there was no breach of two out of the three warranties claimed by the defendant company to have been false. The case stands precisely as before as to the remaining warranty in question, namely, that Thorne had no bodily deformity, which warranty is further considered below.

The appellant also urges that the former opinion shows the decision in Thorne v. Casualty, etc., Co. to have been misapprehended by this court, in that it supposes Burns to have been held by the Maine court in fact the agent of the defendant in that case, whereas the decision was only that the defendant referred to was estopped to deny Burns' agency, and in that it states the finding of the Maine court to have been based upon Burns' delivery of the policies to Thorne, whereas this was only one out of several grounds for the decision. But, even if we were to construe the decision referred to as the appellant construes it in these respects, we should still be unable to adopt its result.

The undisputed facts of the case are that Thorne, complying after some demur with Burns' solicitation, told Burns he would take insurance to the amount of $10,000, which Burns undertook to procure for him, the selection of the companies who were to be the insurers being left wholly to Burns; that Burns thereupon, by means of applications which he filled out without further consultation with Thorne, procured not only two policies for the amount of insurance Thorne had agreed to take, one of them being the $5,000 policy now sued on, but also the $10,000 policy also now sued on, insurance which Thorne had never said he would take. The warranties claimed to have been false formed a part of both policies when the defendant company issued them to Burns for delivery to Thorne. It was entirely open to Thorne to refuse to accept both policies when Burns brought them to him for acceptance, if they made him warrant what he never agreed to warrant. It was also entirely open to him to refuse the $10,000 policy, because he had never said he would take more than the first $10,000 insurance. But he accepted both policies, warranties included, without demur, paid the premiums for them, and retained them without objection down to the time of his accident.

In soliciting Thorne to let him place this insurance, Burns certainly was not acting as the defendant's agent. Thus far he was acting only as broker, and only on his own account. If he afterwards became the defendant's agent for any purpose, it was after his selection of that company and during his subsequent dealings with it. In such transactions a broker may indeed become the agent of each party in matters which do not conflict. If acts done or knowledge possessed by Burns during these dealings can be regarded as binding the company for any purpose, they can be so regarded only on the theory that adoption or ratification of them by the company is to be implied from its delivery of the policies to him for Thorne, or from its receipt of the premiums from Thorne through him.

Were the applications filled out by Burns to obtain these policies alone to be considered, the statements in Thorne's name which they contain might have been regarded as representations only, collateral to the contract, and forming a basis for it, but as to which substantial truth in everything material to the risk is all that is required of the applicant. Phœnix, etc., Co. v. Raddin, 120 U. S. 183, 7 Sup. Ct., 500, 30 L. Ed. 644. And, in view of the Maine statute, Burns'

knowledge of omissions, misdescriptions, or false statements in the applications might have bound the company, had it issued and delivered to him policies not expressly conditioned upon the truth of representations made to obtain them.

The statements in the applications upon which the defendant company relies in this case were not connected with the policies merely by reference in it to them. They were carried into the policies themselves, and by the express terms of each policy made, beyond doubt, part of the contract itself. No insurance is undertaken by policies thus expressed, except upon condition that the warranted statements contained in them are strictly true. See, in this court, Hubbard v. Mutual, etc., Association, 100 Fed. 719, 40 C. C. A. 665.

Not only were the express terms of the policies such as to put it beyond doubt that the truth of the warranties set forth in them was part of the consideration for which they were issued, but they distinctly provided that the warranties were "made by the insured upon acceptance of this policy." Thorne cannot be said to have accepted the policies before Burns delivered them to him, and if they were not, as delivered to him, such policies as he had consented to take, he could have refused, instead of accepting, them. His acceptance bound him by the express terms of the policies, wherein all previous negotiations and arrangements were merged, and if, by reason of accident, inadvertence, or mistake, they failed to express the agreement intended by him and the defendant company to be made, his remedy was in equity. Insurance Co. v. Mowry, 96 U. S. 544, 547, 24 L. Ed. 674.

That any waiver by the defendant company of express conditions thus inserted in the policies for its own protection and relief when they were tendered to Thorne for his acceptance can justly be implied from Burns' acts or knowledge in connection with the transaction, we are still unable to believe. The premiums received by Burns from Thorne when the latter accepted the policies were paid for the policies as accepted, and their receipt by Burns for the company can therefore afford no additional support to the claim that there has been a waiver.

[2] There can be no question as to the falsity of the warranty that Thorne had no bodily deformity. It is conceded that he was born without fingers on his right hand. The breach of this warranty is enough to bar any recovery under the policies. The rights of the parties are governed by the law of Maine, and it is admitted that the legislation of that state contains no statutory provisions like those in force in Massachusetts (St. 1907, c. 576, § 21), making a breach of warranty immaterial unless the matter warranted increases risk of loss. In the absence of any such legislative change in the law, the court has no choice but to give the breach of warranty proved its recognized effect and exonerate the insurer. The court is not at liberty to consider the question which the appellant seeks to raise, whether Thorne's deformity increased the insurable risk in his case or not. He warranted that he had no deformity at all,

and if, as we think, the insurer is not shown to have waived this defense, either expressly or by implication, the verdict ordered for the defendant was clearly right.

The judgment of the District Court is affirmed, and the appellee recovers its costs of appeal.