## PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY v. J. L. MATLOCK.

Middle Section, November 20, 1926.

No petition for Certiorari was filed.

1. **Insurance. Insurance policy cannot be altered by parol evidence.**
   In an action to recover on an insurance policy for injuries sustained in a fight, where the policy provided that there was no liability for such injuries and the plaintiff contended that he had never seen the policy and the agent who sold him the policy, represented that it covered all accidents, held that the terms of the policy were binding on the party and could not be altered by parol evidence.

2. **Evidence. Representations of an insurance agent contradictory to the written contract are not admissible.**
   In an action to recover on an insurance policy where the agent represented that the policy covered all kinds of accidents and the policy itself excepted certain accidents, held that evidence of the agent's representations was not admissible, the purpose being to vary the written contract.

Appeal in Error from First Circuit Court, of Davidson County; Hon. A. G. Rutherford, Judge.

Reversed and dismissed.

William Waller, of Nashville, for plaintiff in error.

Richard P. Dews, of Nashville, for defendant in error.

FAW, P. J. This suit was brought in the court of a Justice of the Peace of Davidson county by J. L. Matlock against the Provident Life & Accident Insurance Company to recover "for time lost caused by sickness and accident under insurance policy 28 days—$50."

The Justice of the Peace gave judgment in favor of Matlock for $50 and costs, and the Insurance Company appealed to the circuit court of Davidson county, where the case was tried to a jury, and the jury found the matters in controversy in favor of the plaintiff, and found that defendant was indebted to plaintiff in

the sum of $50 and judgment of the court was entered accordingly. A motion for a new trial on behalf of defendant was overruled and defendant appealed in error to this court and has assigned errors here.

Although the Insurance Company is the plaintiff in error, we will, as a matter of convenience, refer to the parties as they appeared on the record in the circuit court.

Through its assignments of error the defendant says (1) that there was no evidence to support the verdict of the jury, (2) that the trial court erred in overruling defendant's motion, made at the conclusion of all the evidence, for a directed verdict in its favor; (3) that the trial court erred in overruling defendant's motion to exclude from the jury certain testimony offered on behalf of defendant, which testimony is stated in the assignment, and (4) that the trial court erred in certain instructions given to the jury in his charge, which instructions are set out in the assignment.

Plaintiff was insured under an accident and health policy, known as a "Group Disability Policy," by which the defendant contracted to insure all of the employees in the Mechanical Department of the Nashville, Chattanooga & St. Louis Railway Company against bodily injuries sustained through external, violent and accidental means, with certain named exceptions, and against disability resulting from sickness or disease, also with certain specified exceptions. If plaintiff should suffer a continuous disability from bodily injury or disease within the terms of the policy, extending over a period of one month (twenty-eight days), he would be entitled to an indemnity of $50.

A man by the name of Jared assaulted plaintiff and "hit him on the head with a rock, fracturing his skull." Plaintiff "did not provoke the assault," but it was the outcome of a personal "difficulty" between plaintiff and Jared. Plaintiff "lost thirty days time" on account of the injury just mentioned, and thereupon brought this suit to recover an indemnity of $50.

The defendant Insurance Insurance Company denies the right of plaintiff to a judgment in this case because of a provision in the policy (under the head of "liability exceptions") in these words: "This policy does not cover disability or fatal injuries caused or contributed to by . . . fighting, . . . or . . . any injury intentionally inflicted on the person of the insured (assaults committed for the sole purpose of burglary or robbery excepted)."

The policy issued by defendant was delivered to and held by the Nashville, Chattanooga & St. Louis Railway Company, as trustee for all the members of the "Group" insured, and a photographic copy of same was delivered to a committee representing the men in the "Group." Plaintiff received a certificate issued by defendant

reciting that he (James L. Matlock) is entitled to benefits as an employee of the Mechanical Department of the Nashville, Chattanooga & St. Louis Railway Company, Nashville, Tennessee, in accordance with the terms and provisions of Group Disability Policy No. 20800-A issued to said Railway Company; and "the policy was available for inspection by the men at any time, and this was well known."

Plaintiff Matlock testified that he had an accident insurance policy with defendant; that the only "instrument or policy" which was given to him was the paper filed as Exhibit "A" to his testimony (the certificate beforementioned); that he could not read or write; that he had paid his premium regularly; that R. B. Evans, the agent who solicited him, told him "the insurance would cover any accident at any place at any time;" that he never saw any master or blanket policy, and did not know there was one.

R. B. Evans and Charles Solomon corroborated plaintiff's statement that Evans told plaintiff that "the insurance would cover any accident at any place or any time." At the close of plaintiff's proof the defendant moved the court to exclude the aforesaid evidence that the defendant's agent, Evans, had stated to plaintiff at the time Evans solicited the insurance that "the insurance would cover any accident at any place at any time," on the ground that "it was incompetent as tending to vary the terms of the written contract." The court overruled the motion and the defendant excepted to the ruling, and challenges same through its third assignment of error in this court.

Defendant introduced two witnesses—W. B. Matthews and M. A. Burklow. W. B. Matthews testified that he was a member of the committee representing the men at the N. C. & St. L. shops in their negotiations with the defendant; that the men considered and voted to adopt the Group Policy offered by the defendant in preference to the policy offered by other companies; that the arrangement with the defendant provided that the insurance would be written only if a certain percent of the men joined in the Group Policy; that this percentage of the men did agree to join and the insurance was put into effect; that the committee representing the men was given a photographic copy of the master policy which was kept and which was available for inspection by the men at any time, and that the original master policy was on file at the Executive Offices of the Nashville, Chattanooga & St. Louis Railway.

M. A. Burklow testified that he was a member of the committee representing the men in the group insurance transaction with the defendant; that his committee was furnished a photographic copy of the master policy which was the same as the policy agreed upon by the men before the insurance was contracted for; that this

policy was available for inspection by the men at any time, and that this was well known.

A photographic copy of the master policy was filed as Exhibit "A" to the testimony of M. A. Burklow, it being agreed by counsel that same should be filed in lieu of the original master policy.

At the close of all the evidence, the defendant moved the court to instruct the jury to return a verdict in its favor, but the court overruled the motion and submitted the case to the jury upon a charge which contained instructions as follows:

"The defendant insists that it is not liable because of a provision in a master policy which has been introduced in evidence to the effect that injuries intentionally inflicted or inflicted in a fight are not covered. I charge you, however, that you do not have to consider this master policy. The evidence is that the plaintiff was not furnished a copy of it and did not see it and knew nothing about it and it makes no difference that it was available for his inspection if he went to the committee. The policy sued on in this case is the paper which has been introduced by the plaintiff, and the statements made by the defendant's agent that any accident at any place or any time would be covered. If you find that this was the contract and that the plaintiff sustained injuries as he testified, your verdict will be for the plaintiff."

Through its fourth assignment of error defendant asserts that the above-quoted charge was erroneous.

It is apparent that fundamentally the same legal question is involved in each and all of the assignments of error, and we are of the opinion that this question was erroneously decided by the learned judge who presided at the trial of this case.

This is an action on an insurance policy, and the plaintiff was permitted to recover upon an oral representation made by defendant's soliciting agent prior to the issuance of the policy, which representation contradicted the plain and unambiguous terms of the written policy.

This was a direct violation of the time-honored rule that parol evidence is inadmissible to contradict or vary the terms of a valid written instrument. Union Mutual Life Insurance Co. v. Mowry, 96 U. S., 544, 24 L. Ed., 674; Johnson v. Insurance Co., 119 Tenn., 598, 107 S. W., 688; Kelsey v. Casualty Co., 131 Iowa, 207, 108 N. W., 221; Mutual Reserve Fund Life Association v. Stephens (Ga.), 41 S. E., 679; Germania Insurance Co. v. Bromwell (Ark.), 34 S. W., 83; Wheeler v. Fidelity & Casualty Co. (Ga.), 58 S. E., 709.

The rule just stated "applies to contracts of insurance as well as to other written or printed contracts." Germania Insurance Co. v. Bromwell, supra, p. 84.

This is not a case of a contract partly in writing and partly in parol. The doctrine which supports a contract partly written and partly oral cannot apply here, because the oral statement would contradict, eliminate and destroy the effect of a material part of the writing. Kelsey v. Casualty Co., supra, p. 212.

Without doing violence to the principles announced and applied by the court in the case of Union Mutual Life Insurance Co. v. Mowry, supra, the language of the opinion in that case may be readily paraphrased to fit the facts of the instant case in the manner which follows.

By the express condition of the policy, the Insurance Company was not liable if the disability of the insured was caused by fighting or by an injury intentionally inflicted on his person, and the plaintiff could not recover unless the force of this condition could be overcome. Plaintiff sought to overcome it by showing that the agent who induced him to apply for the policy represented to him that the insurance would cover any accident at any place or any time. To this claim of the plaintiff there is an obvious and complete answer. All previous verbal arrangements were merged in the written agreement. The conditions on which the insurer should be liable to the insured were expressed in the policy for the very purpose of avoiding any controversy or question respecting them. The entire engagement of the parties, with all the conditions upon which its fulfillment could be claimed, must be conclusively presumed to be stated in the policy. If by inadvertence or mistake, provisions other than those intended were inserted, or stipulated provisions were omitted, the parties could have had recourse for a correction of the agreement to a court of equity, which is competent to give all needful relief in such cases. But, until thus corrected, the policy must be taken as expressing the final understanding of the assured and of the Insurance Company. "The previous representation of the agent could in no respect operate' as an estoppel against the Company. Apart from the circumstance that the policy subsequently issued alone expressed its contract, an estoppel from the representations of a party can seldom arise, except where the representation relates to a matter of fact, to a present or past state of things. If the representation relates to something to be afterwards brought into existence, it will amount only to a declaration of intention or of opinion, liable to modification or abandonment upon a change of circumstances of which neither party can have any certain knowledge. The only case in which a representation as to the future can be held to operate as an estoppel is where it relates to an intended abandonment of an existing right, and is made to influence others, and by which they have been induced to act. An estoppel cannot arise from a prom-

ise as to future action with respect to a right to be acquired upon an agreement not yet made.

"The doctrine of estoppel is applied with respect to representations of a party, to prevent their operating as a fraud upon one who has been led to rely upon them. They would have that effect, if a party who, by his statements as to matters of fact, or as to his intended abandonment of existing rights, had designedly induced another to change his conduct or alter his condition in reliance upon them, could be permitted to deny the truth of his statements, or enforce his rights against his declared intention of abandonment. But the doctrine has no place for application when the statement relates to rights depending upon contracts yet to be made, to which the person complaining is to be a party. He has it in his power in such cases to guard in advance against any consequences of a subsequent change of intention and conduct by the person with whom he is dealing. For compliance with arrangements respecting future transactions, parties must provide by stipulations in their agreements when reduced to writing. The doctrine carried to the extent for which the assured contends in this case would subvert the salutary rule, that the written contract must prevail over previous verbal arrangements, and open the door to all the evils which that rule was intended to prevent."

The opinion in the case of Insurance Company v. Mowry, supra, was cited, approved and followed in the case of Johnson v. Insurance Co., 119 Tenn., 598, 606, 107 S. W., 688, where a fire insurance policy and the premium notes given therefor provided that the insurer should not be liable for any loss or damage occurring while any premium remained past due and unpaid, and it was held that parol evidence was inadmissible in an action on the policy to show a waiver of such provision made by the agent of the insured before and at the time of executing the notes and making the insurance contract.

We have examined the cases of Bennett v. Massachusetts, etc., Insurance Co., 107 Tenn., 371, 64 S. W., 758, St. Paul, etc., Insurance Co. v. Ulbright (Tenn. Chy. App.), 48 S. W., 131, and McKenzie v. Planter's Insurance Co., 9 Heisk., 261, cited in the brief for plaintiff. The case of Bennett v. Massachusetts, etc., Insurance Company was a suit in equity to rescind a written contract, to-wit an insurance policy, on the ground that it did not, by reason of fraud, express the real intention and meaning of the parties. It was, of course, in such case, competent to show by parol the true and real contract made by the parties.

The case of St. Paul, etc., Insurance Company v. Ulbright, was a suit in chancery by an insurance company to recover moneys collected by the defendants therein as agents of the complainant

in their insurance business. We find no question treated in that opinion which arises in the instant case.

The case of McKenzie v. Planter's Insurance Company, was an action at law on a fire insurance policy. The defenses interposed by the insurance company were (1) that McKenzie took out insurance for $1,000 in another company, after the Planter's policy was made, and without obtaining the written consent of the Planter's Company to it endorsed on his policy, and (2) that McKenzie had rented out the hotel without the consent of the Planter's Company endorsed on the policy. Either of these acts avoided the policy, according to its stipulations. On the trial in the circuit court the plaintiff was permitted, over objection of the defendant, to testify that the agent, in soliciting him to apply for a policy, and in his explanation of the terms and stipulations that would enter into the the contract, concealed or remained silent as to after insurance or change of possession being stipulations in the contract; and also that after he had forwarded his application, in ignorance that such stipulations were to be inserted in the policy, the agent was present when he received the policy, in a sealed envelope, and at once told him it was all right, and that it was not necessary to break open the envelope—and that being thus assured by the agent, he put the policy away, enclosed in the envelope unopened, and had no knowledge of the stipulations until after he had taken the second insurance, and had leased his property. Verdict and judgment were in favor of the plaintiff McKenzie and the defendant Insurance Company appealed. In the Supreme Court the admission of the foregoing testimony of McKenzie was assigned as error, and in disposing of this assignment the Supreme Court said: "It is clear that this parol evidence was incompetent to alter or contradict the written contract, but it is equally clear that it was not offered or admitted for such purpose. It was offered to show that he was induced to apply for the policy by the fraudulent misstatements and omissions of the agent, and that he was kept in ignorance of the existence of the stipulations in the policy by fraudulent conduct and statements of the agent, which induced him not to open and read the policy. These statements and representations of the agent, if made, were made within the scope of his agency, and were clearly competent for the purpose for which they were offered. On the other hand, the defendant introduced the agent, who denied every material statement attributed to him by the plaintiff, thus making a direct conflict in the testimony between these two witnesses. This conflict was a matter to be settled by the jury, and it was submitted to them with instructions which are unexceptionable."

It is seen that (in McKenzie v. Insurance Company) the court expressly held that "parol evidence was incompetent to alter or contradict the written contract," but that it was competent to show that the insured was induced to apply for the policy by the fraudulent misstatements and omissions of the agent, and that plaintiff was kept in ignorance of the existence of the stipulations in the policy by fraudulent conduct and statements of the agent, which induced him not to open and read the policy.

The holding that the proof was admissible for the purposes just stated, in an action at law upon the policy, is, in our opinion, inconsistent with the ruling in the later case of Johnson v. Insurance Co., supra, wherein it is held that unless and until the policy is corrected by a court of equity it "must be taken as expressing the final understanding of the assured and of the insurance company."

It is the duty of this court to follow the latest expression of our Supreme Court in matters of law.

We think the plaintiff is bound by the stipulations and conditions of the policy on which his suit is based. "One who brings an action on a contract cannot repudiate a portion of it, and insist upon the enforcement of another portion that inures to his benefit." Mutual Reserve Fund Life Association v. Stephens (Ga.), 41 S. E., 679, 680.

The defendant's assignments of error are sustained, the judgment of the circuit court is reversed, the verdict of the jury is set aside, and the plaintiff's suit is dismissed. The costs of the appeal will be adjudged against the plaintiff Matlock.

Crownover and DeWitt, JJ., concur.