EUTRONIO SANTONI, Plaintiff and Appellee, *v.* THE PORTO RICAN & AMERICAN INSURANCE Co., Defendant and Appellant.

No. 5269.   Argued February 3, 1931.—Decided April 29, 1932.

*Oscar Souffront* for appellant.   *García Méndez & García Méndez* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Eutronio Santoni recovered judgment against the Porto Rican & American Insurance Company on a policy which insured against collision his automobile acquired on a conditional sale. Despite the fact that the policy of insurance provided for a statement or notice of whether the automobile had been paid in full, the District Court of Aguadilla found that the insurer knew of the conditional purchase, or waived the necessity for notice.

In its first assignment of error the defendant attacks this conclusion. The particular clause of the contract was as follows:

"The insured does hereby formally state that all the automobiles covered by this policy belong to him and have been fully paid for, and they are neither mortgaged nor encumbered."

We have no doubt that the policy contained a warranty that the automobile had been totally paid. Therefore, it matters not that Santoni had an insurable interest or a defeasible title to the automobile and hence had a right to insure. Cases like *Montalvo* v. *Valdivieso,* 38 P.R.R. 487 are not applicable. It transpired, as found by the court, that on taking out the policy the brother of the plaintiff told an employee of the agents of the defendant that the automobile had been acquired on a conditional sale.

We agree with the appellant that this was oral evidence attempting to vary the terms of a written contract. Section 25 of the Law of Evidence; *Insurance Co.* v. *Mowry,* 96 U.S. 544.

The policy also contained the provision that its terms could not be waived except by indorsement. Nothing of this kind was attempted.

We shall not dwell upon the possibility that the employee was not authorized to waive a condition of the policy, especially as all previous conversations are considered merged in the contract.

The knowledge or conduct of the company after the accident did not relate back to the policy so as to destroy or affect the warranty.

Nor was the company estopped because it did not tender back the premium.

The judgment should be reversed and the complaint dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.