H. & T. C. R. R. Co. v. The County of Presidio et al.

*(Case No. 4177.)*

INJUNCTION — TAXATION.— A petition for injunction to restrain the sale of land for taxes assessed under the act of August 21, 1876, and which taxes were alleged to be excessive, is not sufficient to authorize the writ, if the petition shows no excuse for the failure of the plaintiff to take proper steps to refer, at the proper time, the valuation complained of to the board of equalization.

ERROR from Presidio. Tried below before the Hon. Allen Blacker.

The appellant rendered 358 sections of land in Presidio county, in May, 1878, for state and county taxes of that year, to the then tax assessor of said county, at the valuation of $35,800, which rendering and assessment, the appellant alleged in an application for injunction, were made in conformity with law regulating the rendering of lands by the owner for taxes.

It was sworn to and presented to the assessor, who raised the assessment made by the owner from $35,800 to $114,560. Upon this last mentioned sum there was levied:

| | |
|---|---|
| For state *ad valorem* tax, ½ of 1 per cent. on $114,560............. | $572 80 |
| For county purposes, ¼ of 1 per cent. on $114,560 ................ | 286 40 |
| For county indebtedness, ¼ of 1 per cent. on $114,560 .......,.... | 236 40 |
| For county court house and jail, ½ of 1 per cent. on $114,560..... | 572 80 |
| Aggregate tax.................................. ........ | $1,718 40 |

The plaintiff admitted its liability to pay:

| | |
|---|---|
| For state *ad valorem* tax, ½ of 1 per cent. on $35,800 .... ....... | $179 00 |
| For county *ad valorem* tax, ¼ of 1 per cent. on $35,800 .......... | 89 50 |
| For jail and court house, ¼ of 1 per cent. on $35,800 ............. | 89 50 |
| Aggregate tax............................................. | $358 00 |

The sheriff was about to advertise and sell the lands for the taxes claimed to be due, and the plaintiff sued out the writ of injunction.

The county abandoned its claim to the amount of $286.40, as being in contravention of article VIII, section 9 of the constitution, and moved to dissolve the injunction.

The case was finally disposed of upon the motion to dissolve.

The court sustained the increased assessment and the taxes levied thereon, as. follows:

| | |
|---|---|
| State *ad valorem*, ½ of 1 per cent. on $114,560 ................. | $572 80 |
| County *ad valorem*, ¼ of 1 per cent. on $114,560................. | 286 40 |
| Court house and jail, ¼ of 1 per cent. on $114,560 .............. | 286 40 |
| | $1,145 60 |

and dissolved the injunction *pro tanto*, but perpetuated it as to the court house and jail tax of one-fourth of one per cent. on the same amount ($114,560), and as to the tax to pay past indebtedness of one-fourth of one per cent.

The bill alleged in terms that the rendering and assessment for $35,800 " were made in conformity with law regulating the rendering of lands by the owner for taxes, and that it was sworn to and presented to the assessor, who, without authority, illegally raised the amount from the sum of $35,800 to the

sum of $114,560, thus increasing the tax;" that the assessor had no authority to raise the value assessed, "for the reason that the legislature has passed no law for regulating the taxable value of property by the board of equalization, under section 18 of article VIII of the constitution," with arguments to fortify that assertion. There was no allegation that the plaintiff had not been notified of the increased assessment, as required by section 5 of the act of August 21, 1876, or that he had been denied the right secured to him by section 17 of the same act, to refer the question of valuation to the board of equalization.

*Geo. Goldthwaite* for plaintiff in error.

I. The assessment was made and returned by the owner in the manner and form required by law, and there was no authority vested in the assessor to change the assessed value as made by the owner. Acts 15th Leg., 1876, p. 266, § 5.

II. The constitution, art. VIII, sec. 18: "The legislature shall provide for equalizing as near as may be, the valuation of all property subject to or rendered for taxation (the county commissioners' court to constitute a board of equalization); and may also provide for the classification of all lands, with reference to their value in the several counties," was and remained inoperative, until the legislature put it in operation by the "act defining the duties of commissioners' courts when sitting as a board of equalization." Approved March 22, 1879. Const., art. VIII, sec. 18; Acts 16th Leg., 1879, p. 44.

III. The court erred in taxing any part of the costs of court against the plaintiff, when the injunction prayed for and relief asked in plaintiff's petition was granted in part, as shown by said judgment.

*Geo. McCormick*, attorney general, for defendants in error.

I. Under the law in force when the assessment of the property was made, if the assessor thought the valuation made by plaintiff was too small, he was authorized to list it at such

. value, as a sworn officer, as he deemed just. General Laws of 1876, p. 270, sec. 17.

II. The section of the act of 1876 relied on by plaintiff, applies only to property rendered in the county where situated by an owner or agent out of such county.

III. Sec. 6 of art. XI permits the levy of a tax necessary to pay the interest and provide a sinking fund sufficient to satisfy any indebtedness legally made and undertaken before the adoption of the constitution. The only limit upon the power to tax for these purposes being, that no more than is necessary be levied. In addition to this, taxes may be levied for the purposes expressed in sections 7 and 10 of the same article. We take it, then, that a proper construction of sec. 9, art. VIII would be that counties may levy the following taxes: 1. For general purposes, one-quarter of one per cent. 2. Public buildings and debts, one-half of one per cent. And that under sec. 6, art. XI, any amount necessary to pay bonded debts, subsidies, etc. This construction is borne out by the several acts of the legislature of 1876 (see act of August 21, 1876, p. 253), which authorized the counties therein named to levy a tax of fifty cents on the one hundred dollars valuation, to build court houses and jails.

*Walton, Green & Hill* also for defendants in error.

Gould, Associate Justice.— Section 5 of "an act to define the duties, powers, qualifications and liabilities of assessors of taxes, and to regulate their compensation," passed August 21, 1876, evidently contemplates that the taxpayer, not being in the county, may see fit to forward his sworn list and valuation of his taxable property to the assessor, by mail or otherwise. In such case, the taxpayer not being present himself or by agent, but communicating with the assessor in writing, the assessor, if not satisfied with the valuation, was not authorized to change it, but was directed to refer the same to the board of equalization; being required, if the list received had been accompanied by a fee of twenty-five cents, to immediately notify,

by mail or otherwise, the person from whom he received the list, of such reference.

Section 17 of the same act provides for the ordinary case, when the taxpayer in person or by agent renders his list and valuation to the assessor, giving the assessor in such case the power, if he thinks the valuation too low, to list the same at such value as he, as a sworn officer, deems just, and giving the person listing a right to make oath that such assessment is excessive, and thereby refer the question of valuation to the board of equalization. Gen. Laws 15th Leg., pp. 266, 270. See R. C., arts. 4703, 4714.

The plaintiff did not state a case coming under section 5. The petition contains nothing taking the case out of the operation of section 17, and shows no excuse for the failure of plaintiff to take the proper steps to refer the valuation complained of to the board of equalization.

The court manifestly did not err in refusing to interfere with the assessor's valuation, the plaintiff having failed to pursue the remedy given by law.

This seems to be the only question in the case. The county of Presidio has not assigned errors, and we are not called on to inquire whether the court erred in its judgment as to the validity of the taxes imposed by the county.

The question of costs was, we think, in view of the nature of the case, and of the decree, within the discretion of the court.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered June 22, 1880.]