## CORBETT et al. v. SWEENEY et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 9, 1912. Rehearing Denied Nov. 27, 1912.)

1. MORTGAGES (§ 330*)—FORECLOSURE BY EXERCISE OF POWER OF SALE — NOTICE TO MORTGAGOR—STATUTES.

Acts 1889, c. 118 (Rev. St. 1895, art. 2369), provided that notice of a sale of real estate under a trust deed should be given "as now required in judicial sales." The statute as to judicial sales in force at the time when the act of 1889 was enacted did not require personal service of notice on the defendant in execution. The act adopting the Revised Statutes in 1895 (Final Title, § 19), and also the act adopting the Revised Statutes in 1911 (Final Title, § 16), provided that the provisions of the Revised Statutes, so far as they

are substantially the same as the statutes in force at the time when the Revised Statutes shall go into effect, shall be construed as continuations thereof, and not as new enactments. The Revised Statutes of 1911 continued as article 3759 article 2369 of the Revised Statutes of 1895 in its exact language. *Held,* that a sale by a trustee in a deed of trust made in 1911 is to be governed by the act of 1889, rather than by a subsequent statute requiring service of notice on the defendant in execution, and hence no service on the mortgagor is necessary, especially in view of Acts 1903, c. 77 (article 3757, Rev. Civ. St. 1911), relating to sales under execution, and providing that nothing therein contained shall affect the method of advertising land under powers conferred by any deed of trust or other contract lien.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1014; Dec. Dig. § 330.*]

2. BILLS AND NOTES (§ 139*)—CONTRACTS—CONSIDERATION—EXTENSIONS.

A payment of part of the interest due on a note is no consideration for an extension of time.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 340–354; Dec. Dig. § 139.*]

3. ESTOPPEL (§ 78*) — INVALID CONTRACT — DEFAULT IN PAYMENT OF INTEREST—OPTION TO DECLARE ENTIRE NOTE DUE.

Though a payment of a portion of the interest due on a note was no consideration for an agreement to extend time of payment if such agreement induced the maker to relax his efforts to procure money, which he could otherwise have procured, and thus avoided the exercise of an option by the holder to declare the note due for nonpayment of interest, the holder would be estopped to exercise such option at that time.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 204–210; Dec. Dig. § 78.*]

4. INJUNCTION (§ 172*)—DISSOLUTION—DISCRETION OF COURT.

Where the answer is a complete denial, the dissolution of a temporary injunction against the sale of land under a trust deed rests largely in the discretion of the trial court.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 374–384; Dec. Dig. § 172.*]

5. MORTGAGES (§ 338*)—RESTRAINING SALE—EXTORTIONATE FEES.

A maker of notes secured by a trust deed cannot enjoin a sale thereunder for the entire debt on the ground that attorney's fees and commissions are extortionate.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1026–1035; Dec. Dig. § 338.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Suit by W. C. Corbett and another to enjoin J. J. Sweeney and others from selling lands. From an order dissolving a temporary injunction, the plaintiffs appeal. Affirmed.

Woods, Graham & Harris, of Houston, for appellants. Fisher, Sears & Campbell, of Houston, for appellees.

REESE, J. This is an appeal from an order of Hon. Chas. E. Ashe, district judge, dissolving a temporary writ of injunction theretofore issued at the suit of W. C. Corbett and wife, Ella Corbett, enjoining the defendants J. J. Sweeney, William Giles, and George J. Mellinger from selling certain lands under a deed of trust executed by said Corbett to secure the payment of a promissory note executed by him to Sweeney for $22,500. Temporary injunction was issued upon the order of the district judge September 5, 1912. Defendants filed motion to dissolve, and afterwards a further amended motion setting out in full their grounds therefor, which is, in fact, an answer to plaintiffs' petition, and is sworn to. Upon hearing of the motion to dissolve evidence was introduced by both parties, and upon the conclusion the motion to dissolve was granted. From the order dissolving the injunction this appeal is prosecuted. It appears that the Union Land Company, claiming to be owner of the land, filed a plea in intervention and also prayed for injunction. In so far as the order dissolving the temporary injunction affects such intervener, there is no appeal by it, and it will not be necessary to refer farther to this branch of the case.

The undisputed facts as they are shown by the pleadings and evidence are as follows:

On May 30, 1911, W. C. Corbett executed to J. J. Sweeney his certain promissory note for $22,500 for money borrowed by him from Sweeney, being a consolidation of several smaller loans previously made. The note was payable to Sweeney or order three years after date, with interest at the rate of 9 per cent. per annum payable semiannually, and contained a provision that upon failure to pay any installment of interest when due, or to pay the taxes on the land embraced in the deed of trust given to secure the same, the holder of the note at his option might declare the same due, principal and interest, and proceed to enforce collection by sale under the deed of trust. The note also provided for attorney's fees of $3,000 in case it was not paid at maturity, and was placed in the hands of an attorney for collection. At the same time Corbett executed a deed of trust upon the lands described in the petition to secure the note referred to, naming William Giles as trustee, and containing a provision that, upon failure, refusal, or inability to act as such, the legal owner and holder of the note was authorized to appoint a substitute with the same powers conferred upon the original trustee. The deed of trust authorized a sale of the land, if the note was not paid when due, either upon its face or by reason of the failure to pay any installment of interest or the taxes on the land as they accrued. This note was for value and before due regularly transferred by Sweeney to William Giles. Giles declined and refused to act as trustee in the deed of trust, and, as legal owner and holder of the note, regularly appointed George J. Mellinger substitute trustee, in accordance with the provisions of the trust deed, and on or about the ——— day of July, 1912, there being then two semiannual installments of interest due and un-

paid, amounting to $2,025, except the sum of $500 paid thereon, and the taxes for 1911, the said Giles declared the note due, in accordance with its terms, and called upon the substitute trustee to sell the property embraced in the deed of trust for the satisfaction thereof, whereupon the said Mellinger duly proceeded to advertise the property for sale on the first Monday in August, 1912, at the courthouse door of Harris county; the land being located in said county. Notice was given of such sale by publication in a newspaper published in Harris county, as provided in the deed of trust, for the length of time provided, but such sale was stopped by this injunction. No personal notice was given to Corbett as provided for sales of real estate under execution.

The grounds for injunction set up in the petition, and relied upon by appellant on this appeal, are substantially as follows: (1) That written notice of such sale had not been given to appellant as required in case of sales under execution. (2) That the land covered by the deed of trust is the separate estate of Mrs. Ella Corbett, wife of W. C. Corbett, and one of the plaintiffs, and that this fact was known to Sweeney before he took the deed of trust, and to Giles before the transfer of the notes and trust deed to him. (3) That 200 acres of the land is and was at the time of the execution of the trust deed the homestead of plaintiffs, which fact was also known to Sweeney and Giles. (4) That on June 5th Corbett had paid to Giles $500 in consideration of which Giles had agreed and promised to extend the time of payment of the interest due on the note for ninety days. (5) That defendants are claiming $3,000 as attorney's fees and $3,000 as trustee's commissions for making such sale, and that said attorney's fees are an outrageous and extortionate charge.

It was alleged that the property was of the value of $90,000, and that it would be sacrificed at such sale if it was allowed to be sold, and that said W. C. Corbett had tendered the interest due on the note, which defendants refused to receive. Defendants by their sworn answer denied specifically and in detail each of the material allegations of fact of the petition. They denied that the $500 was paid by Corbett to Giles upon any agreement for extension, but alleged that it was simply paid upon the interest on May 30th, when the second installment was due, with a promise by Corbett to pay the balance in a few days. The answer denies that the property is the separate property of Mrs. Corbett, or that any part thereof is the homestead of plaintiffs, alleging that the land stood upon the public records in the name of W. C. Corbett and was acquired by him during the marriage, and denying that it was paid for with the separate means of Mrs. Corbett, alleged that if it was, neither Swee-

ney, when he took the deed of trust, nor Giles, when he acquired the note, had any notice or knowledge of any claim or interest of Mrs. Corbett therein as her separate estate. The facts going to show that no part of the land was the homestead of plaintiffs, but that their homestead was upon certain lots in the city of Houston, were fully set out, in connection with the specific denial of the homestead claim. It was alleged that the note provided for the payment of $3,000 attorney's fees, that the same had been placed in the hands of an attorney for collection, and that defendants had agreed to pay them said amount and that the amount was reasonable. The case was heard upon the pleadings and evidence, which is very full, filling 128 pages of a statement of facts. There is no specific assignment of error, nor briefs, but since the oral argument upon submission, on the suggestion of the court, each party has filed a brief written statement. That of appellants is confined to the first ground for the injunction, as above set out, to wit, that written notice of such sale was not given by the trustee as required in case of sales under execution. We think this question is settled by the decision of the Supreme Court in Fischer v. Simon, 95 Tex. 234, 66 S. W. 447.

[1] It is insisted by appellant that since the adoption of the Revised Statutes of 1911 a different construction of the particular provision in question in article 3759 of that revision is required, and that Fischer v. Simon is not applicable. Article 3759 in the revision of 1911 is in the exact language of article 2369 of the revision of 1895, and of the original act of March 21, 1889. The Revised Statutes of 1911 contain the same provision as that contained in section 19, General Provisions of Revised Statutes of 1895 (section 16, General Provision, R. S. 1911), to wit: "The provisions of the Revised Statutes, so far as they are substantially the same as the statutes of this state in force at the time when the Revised Statutes shall go into effect, or of the common law in force at said time, shall be construed as continuations thereof, and not as new enactments of the same." What is said by the Supreme Court in the case cited is exactly applicable to a case arising since the adoption of the Revised Statutes of 1911. It was not necessary that the trustee give to appellant Corbett written notice of the sale, as is required in case of sale under execution. This is, we think, further emphasized by the provisions of the act of 1903, c. 77, relating to sales under execution, which is as follows: "But nothing herein shall affect the method of advertising land under powers conferred by any deed of trust or other contract lien." Article 3757, R. S. 1911.

[2, 3] In addition to the specific denial by appellee Giles of the allegations of the pe-

tition, as to the agreement, upon payment of the $500, to extend the time of payment then due for 90 days, it is urged by appellee that such agreement, if made, was without consideration as appears from plaintiff's petition, and was nudum pactum—citing Helms v. Crane, 4 Tex. Civ. App. 89, 23 S. W. 392; Yeary v. Smith, 45 Tex. 71. Inasmuch as two installments of interest were due, the payment of a part thereof furnished no consideration for the promise. Still, if, relying upon such promise, appellant Corbett relaxed his efforts to procure the money, which otherwise he could and would have procured in time to have avoided the exercise of the option by appellee Giles to declare the notes due, we are inclined to think that such action would have worked an equitable estoppel upon Giles to declare the notes due at that time. This, however, is not material in view of the specific denial.

[4] As to the other grounds for the injunction, the specific denial by the answer, especially as it was supported by abundance of evidence on the hearing, left it largely in the discretion of the trial court whether temporary injunction should be dissolved or continued to the hearing. 1 Joyce on Injunctions, §§ 307, 308. It is not necessary to refer to the voluminous testimony on the hearing further than to say that while there are sharp conflicts upon the material facts, the judge hearing the motion had the witnesses before him, and was in a better position than this court to judge of their credibility, and the weight of their testimony. It was amply sufficient to authorize the conclusion that there is no merit in the application for the temporary injunction. As we have seen, he is vested in such cases with a large discretion, and we cannot say that he erred in granting the motion to dissolve. If in fact the property is the separate estate of Mrs. Corbett, or if 200 acres thereof was at the date of the execution of the deed of trust the homestead of appellants, the sale under the trust deed will not affect their rights growing out of these facts.

[5] In the matter of attorney's fees and commissions of the trustee, if they are not a proper charge, the law affords appellants ample protection without enjoining the entire sale. Appellants would have occupied a better position in a court of equity if they had paid or offered to pay the debt and interest and sought only relief against a sale for these alleged extortionate fees and commissions. They have no right to stop the sale for the entire debt on the ground that part of it is not due. Railway Co. v. Presidio County, 53 Tex. 522; Rosenberg v. Weeks, 67 Tex. 584, 4 S. W. 899.

We conclude that the judge did not err in granting the motion to dissolve, and the judgment is affirmed.

Affirmed.