WARD et al. v. SAN ANTONIO LIFE INS. CO.

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1914. On Motion for Rehearing, March 18, 1914.)

1. BILLS AND NOTES (§ 452*)—ACTIONS—DEFENSES.

An agreement by the payee of notes secured by trust deed to notify a third party, who had assumed the notes, in a county other than that in which the maker lived and in which the notes were payable when they became due, being without consideration, was no defense to an action on the notes after they became due.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1303, 1352–1364, 1367–1376; Dec. Dig. § 452.*]

2. ESTOPPEL (§ 78*)—EQUITABLE ESTOPPEL—GROUNDS OF ESTOPPEL—REPRESENTATIONS.

The fact that the payee of notes, secured by trust deed providing that all should become due if any remained unpaid for ten days after maturity, promised to notify a party in another county, who had assumed the notes, when any should become due did not estop him from maintaining an action after default, since such a promise, not being the affirmation of the existence of a fact, could not form the basis of an equitable estoppel, and besides the parties were not misled, as they knew when the notes would become due.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 204–210; Dec. Dig. § 78.*]

3. CORPORATIONS (§ 406*)—REPRESENTATION BY OFFICERS AND AGENTS — CONTRACTS — PRESIDENT.

The president of a corporation had no implied authority, merely by virtue of his office, even though he had the management and general control of the corporation, to bind the corporation by an agreement, without consideration, to notify and send a note, payable to the corporation, to a third party in another county, who had assumed the payment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1611–1614; Dec. Dig. § 406.*]

On Motion for Rehearing.

4. MORTGAGES (§ 401*)—FORECLOSURE—TIME OF MATURITY.

Where, by the terms of a deed of trust given to secure the payment of notes executed contemporaneously therewith, it was provided that all should become due if any remained unpaid for ten days after maturity, an action could be maintained upon all the notes when one was not so paid, though by the terms of the notes they were not due.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1160–1165, 1208, 1209; Dec. Dig. § 401.*]

5. MORTGAGES (§ 235*)—ASSIGNMENT OR TRANSFER OF DEBT.

A note and a trust deed given to secure it are so blended and merged into each other that an assignment or transfer of the note carries with it the mortgage lien without any transfer of the latter.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 620, 621; Dec. Dig. § 235.*]

Appeal from District Court, Bexar County; R. H. Ward, Judge.

Action by the San Antonio Life Insurance Company against H. Ward and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Guinn & McNeill, of San Antonio, for appellants. Jno. F. Onion and Jno. F. Onion, Jr., both of San Antonio, for appellee.

FLY, C. J. This is a suit on two notes, one for $3,500, principal of the debt, and the other a coupon interest note for $105, and to foreclose a lien on 721⅓ acres of land in Jack county, Tex., instituted by appellee against H. Ward, J. D. Guinn, L. T. Adams, and Nevada Adams. The cause was dismissed as to Nevada Adams, and a trial by jury resulted in a verdict and judgment in favor of appellee for the amount of the notes and a foreclosure of the lien.

Appellants, in their answer, admitted that Ward had executed the notes and deed of trust, said notes on their face being payable in Bexar county, but sought to avoid payment on the ground that H. A. Hodge, president of the insurance company, had been informed that Adams and Guinn had assumed the payment of the notes, having bought the land from Ward; that Adams lived in Jack county; that said Hodge had promised Adams, before the maturity of the coupon note, that he would send the same to Jacksboro, Jack county, for collection, when it became due, and stated that Adams need not pay the same in San Antonio; that Adams notified Ward and Guinn of said agreement, and they, relying on the same, did not pay said coupon note when it became due, and appellee, as authorized by the notes sued on, declared all of the debt due and demanded payment of the same; that they offered to pay off and discharge the coupon note, but appellee had refused to accept the same. The court sustained exceptions to that part of the answer setting up the defense herein stated.

The deed of trust provided that, if any of the notes remained unpaid for ten days after maturity, the principal and interest should, without notice, become due, and the holder could collect the same by suit or otherwise. It is admitted that the coupon note for $105 became due on August 7, 1911, and was not paid for ten days thereafter, and this suit was instituted upon refusal of appellants to pay the principal and interest of the debt. No tender of the amount of interest was ever made.

[1] The answer did not set up any legitimate defense to the notes. It was not alleged that appellee had authorized Hodge to make any such agreement as that alleged in the answer, and, if he had been so authorized, there was no consideration for such agreement. The pleadings failed to indicate what good could arise to appellee by having its notes paid by Adams in a distant county,

while the maker of the note and Guinn lived in San Antonio. The fact that it was customary for appellee to send its collections to its depository banks in other counties, and that it had a depository bank in Jacksboro, could not avail as a defense, nor could the fact that Adams had assumed payment of the notes be offered as a defense. He had assumed payment of the notes in furtherance of his business arrangements, and was bound on that assumption before any such agreement was made, for it was alleged in the answer "that the plaintiff, through its president, Henry A. Hodge, knowing Adams and Guinn had assumed their payment," made the agreement with Adams. There was absolutely no consideration for the agreement alleged in the answer.

[2] The facts alleged in the answer fail to create an estoppel. It was at most a naked promise to do or perform a certain thing in the future, namely, send the notes for collection to Jacksboro. Conduct creating an estoppel must amount to a representation or a concealment of the existence of certain facts, and such facts must necessarily be something that has existed, or is existing at the time of the representation. Statements as to future facts amount to nothing but opinions or promises to do or not to do certain things. A statement of intention to do a certain thing is not the affirmation of the existence of a fact, but merely amounts to a promise which cannot form the basis for the creation of equitable estoppel. Pom. Eq. § 877 et seq. The transaction alleged in the answer had none of the elements of estoppel. Nothing of any value whatever could have accrued to appellee by the promise to send a notice to Adams. There could have been no necessity for such notice, because Adams already knew the note would become due on August 7, 1911, and it was incumbent on him to pay it without a notice. Appellants cannot evade the consequences of his neglect, because appellee failed to give notice that the note was due.

A promise to abandon a certain right may become the basis of estoppel in pais, if made to influence others, and by which they have been induced to act so as to change their position for the worse. Edwards v. Dickson, 66 Tex. 613, 2 S. W. 718. The facts in that case were that an execution was not levied on certain goods, because the owner promised the attorneys of the plaintiff in the judgment not to transfer them, but keep them subject to levy, and the court held: "Now, if there was no agreement on part of the attorneys to accept the offer of appellant, it was a mere declaration of intention or naked promise as to future conduct, and, under the rule laid down, cannot estop, although acted upon by the party to whom made. If accepted by the attorney, the promise contained every element of a contract, and upon its breach the plaintiff in execution had his remedy at law." That language is peculiarly applicable to the facts alleged in the answer of appellants, which attempts to set up estoppel in pais against appellee.

The facts alleged show that nothing was promised or stated by Hodge that deceived appellants or induced them to act to their disadvantage. They knew the note became due on August 7, 1911; they knew that a failure to pay it for ten days thereafter would automatically cause the principal note to become due also; they knew that they had not paid the note; and, if any additional burdens have been placed upon them by a failure to pay the note, they alone are responsible for it. A mere failure to notify Adams that the note was due cannot estop appellee from the collection of its debt. Adams and the other appellants knew as well as appellee that the debt was due and that it should be paid.

[3] It was not alleged that Henry A. Hodge had the authority to make the promise to relinquish a valuable right held by the corporation. The president of a corporation has no implied authority, merely by virtue of his office, to surrender rights of the corporation, not even when he has the management and general control of the corporation, except for a consideration and in the usual course of business. Clark & Marshall, Priv. Corp. § 701, pp. 2132–2143. If Henry A. Hodge did make the agreement, as alleged by appellants, the corporation, under the allegations, was not bound by his promise.

The judgment is affirmed.

### On Motion for Rehearing.

[4] No question was raised in the lower court as to the maturity of the debt, but for the first time that question is sought to be injected in the motion for rehearing. It was alleged in the petition that the notes were secured by a deed of trust in which it was provided that the failure to pay any of the promissory notes would mature all of them; that one of the notes had not been paid, and the principal and interest notes became due and payable at the option of appellee; and that such option had been exercised. All of those facts were proved.

Where, by the terms of a mortgage or deed of trust, a note is to become due upon the happening of certain contingencies, suit may be instituted upon the happening of such events, although, by the terms of the note itself, it is not due. Pfeuffer v. Wilderman, White & W. Civ. Cas. Ct. App. § 1169. That opinion was written by Judge Quinan of the Commission of Appeals, and has never been questioned. Whatever may have been held by courts of other states, we think the views of the Texas court the more reasonable. The notes and deeds of trust were parts of one and the same transaction, and were mutually dependent on each other.

The case of Rogers v. Watson, 81 Tex. 400, 17 S. W. 29, is also in point. In that case a series of notes were held to have been

matured by the failure to pay the first note, in which there was no provision for a failure in its payment to mature the other notes, but there was such a provision in a contemporaneous deed of trust. It may be noted that the case of Railway v. Sprague, 103 U. S. 761, 26 L. Ed. 554, cited by appellants, does not sustain their contention. In that case there was a provision in the bonds and mortgage as to the maturing of the bonds, which differed, and it was merely held that the bonds would prevail. There is nothing in the notes in this case about the failure to pay one note maturing the others; consequently there was no conflict with the provision in the deed of trust.

[5] In Texas a promissory note and the lien that secures it are so blended and merged into each other that the assignment or transfer of the note carries with it the mortgage lien without any transfer of the latter. White v. Downs, 40 Tex. 231; Railway v. Bremond, 66 Tex. 159, 18 S. W. 448; Hamblen v. Folts, 70 Tex. 132, 7 S. W. 834. They are considered to form one transaction, and the provisions in the instrument evidencing the lien would necessarily be read into and become a part of the note it was given to secure. The evidence shows a contemporaneous execution of the notes and deed of trust. They constituted one transaction, one contract.

The following allegations are found in the answer of appellants: "The defendants admit the execution of the principal and coupon interest notes by the said H. Ward, containing the terms and conditions alleged by the plaintiff, and likewise admit the execution of the deed of trust alleged, and that the defendants J. D. Guinn and L. T. Adams were at the institution of this suit, and now are, the owners of the lands described, and assumed the payment of the principal note and coupon interest notes executed by the defendant H. Ward; that the coupon interest note, which according to its face, was due the 7th day of August, 1911, was not paid on said date." Those allegations were not excepted to, but remained as a part of the answer of appellants. They admitted appellee's case.

The motion for rehearing is overruled.