## THE ROYAL TAILORS v. JOSEPH.
### (No. 6728.)

(Court of Civil Appeals of Texas. San Antonio. April 5, 1922.)

**1. Estoppel ⬤⇒85—Promise to pay debt if extension is given does not relate to future transaction.**

A conclusion by the trial court that the promise of a debtor to pay the debt in full if an extension of time for payment was given related to a future fact, and not to a past or present condition or mere statement of intention or opinion, was erroneous.

**2. Estoppel ⬤⇒52—Intended to prevent injustice and protect those who have been misled by promises.**

Estoppel is designed to prevent injustice and to protect those who have been misled by promises fair upon their face, which in the interests of justice the promisor is not permitted to deny.

**3. Estoppel ⬤⇒87—Promise to pay if extension were granted held not to estop denial of liability after discovery of fraud.**

A promise by the buyer of goods to pay therefor if the seller would grant an extension of time for payment does not, after the extension was allowed, estop the buyer from denying liability for the goods, because of the seller's fraud in marking them, which was not discovered by the buyer, until after the extension was obtained, since the seller knew of its own fraud, and could not have been misled by the buyer's acts to its prejudice.

**4. Appeal and error ⬤⇒931(3)—Findings relied on by both parties on appeal are presumed correct.**

Where there was no statement of facts filed, and each party relied upon the court's findings, there is every presumption in favor thereof, and every fact necessary to support the judgment is presumed to have been found.

Appeal from District Court, Travis County; George Calhoun, Judge.

Action by The Royal Tailors against Cater Joseph. Judgment for the plaintiff for a small portion only of the amount claimed, and plaintiff appeals. Affirmed.

J. L. Peeler, of Austin, for appellant.
A. S. Phelps, of Austin, for appellee.

COBBS, J. This suit was brought by appellant to recover of appellee the sum of $545, balance due on an open account, with interest, for certain suits of clothes sold and delivered to appellee on appellee's written order, dated June 29, 1920, hereinafter set out in the findings of the trial court. Appellee replied by exceptions, and specially denied that he was then indebted to appellant in any sum, and alleged that said 19 suits were not regular suits in sizes as ordered by him, but that the same were freak-sized combinations, and were not of the kinds and sizes ordered by appellee; that said suits did not fit correctly, and could not be made to fit; that said suits were not regulars, or men's conservative models, as ordered by him; that appellant failed utterly to comply with said order as to said sizes, in that the first of said suits returned were out of proportion, and not of the proportions ordered by appellee, and were misfits, and practically had no market value and were worthless. Appellant filed first supplemental petition, averring that appellee was estopped from denying the justness of the $545 and interest sued for, in this, that on September 30, 1920, appellee deliberately sent appellant a collect telegram to the effect that he was mailing $500, would remit in full in 45 days, and that if this arrangement was not satisfactory he would return the suits; that appellant received such telegram September 30, 1920, at which time the appellee owed it $1,811, and that since such date he had paid $1,266, leaving a balance of $545; that when appellant received said telegram, it relied upon the truthfulness of the statement therein contained, accepted the terms thereof, and gave appellee 45 days' additional time in which to pay such balance. Appellee filed first supplemental answer, consisting of general and special exceptions and denial. Judgment was rendered in favor of appellant for only $72.25 and 17 suits of clothes, to which judgment appellant excepted and gave notice of appeal. At the request of appellant the court filed findings of fact and conclusions of law. There is no statement of facts. Appellant filed only one assignment of error, questioning the court's ruling on the estoppel urged, and the case is here for review.

First proposition: "Where a person has acted or refrained from acting in a particular manner upon the request or advice of another, the latter is estopped to take any position inconsistent with his own request or advice, to the prejudice of the person so induced to act."

From the findings of fact and conclusions of law filed by the trial court we quote parts, as follows:

"I find as a fact that the defendant specifically stated in his said order that he wanted no freak-size combinations, which said telegraphic order is as follows:

" 'The Royal Tailors, Chicago, Ill.

" 'Express twenty four uncalled for suits fancy patterns no white or light color suits no freak combinations eighteen palm beach suits coat sizes thirty seven to forty regulars young mens models six mohair suits same price palm beach coat sizes thirty eight to forty four stouts.        Cater Joseph.'

"I further find as a fact that on September 30, 1920, the defendant sent the following collect telegram from Austin, Tex., to the plaintiff at Chicago, Ill.:

" 'Mailing five hundred dollars. Will remit

in full in forty five days if unsatisfactory advise and will return suits.'

"That plaintiff received said telegram on September 30, 1920, at which time the defendant owed plaintiff $1,811, and that since such date he has paid plaintiff $1,266, as shown by the itemized account sued on. That when plaintiff received the telegram as aforesaid it relied upon the truthfulness of the statement therein contained, and accepted the terms thereof, and gave the defendant 45 days' additional time, and that no effort was made by plaintiff to make any collection until after the expiration of such 45 days. However, plaintiff did not reply to said telegram.

"That the seventeen suits of clothes in question were received by the defendant on or about June 29, 1920, and remained at his store subject to inspection up to and including September 30, 1920, the date the last above-mentioned telegram was sent.

"That said suits did not have the correct sizes marked on the tags on said suits, and such fact was not discovered by the defendant until after the date of the last-mentioned telegram, and not until said suits were offered for sale by the defendant to prospective purchasers of same.

"That the defendant had explicit confidence in the plaintiff, as he had purchased goods from them from time to time prior thereto, and did not question the measurements of said suits, and did not measure them, but relied upon the tags showing the purported sizes, and did not know that said suits were misfits, and not according to order, until he attempted to sell them to the trade, at which time he first discovered the condition of said suits, and thereupon tendered them back to plaintiff."

These paragraphs are relied upon to support the plea of estoppel.

These goods were ordered, on a telegraphic order, and duly received. The goods came under one order—not in separate lots. After having been received and placed in the store and exhibited for sale, no complaint was made until some time after September 30th, when, without complaint, appellee voluntarily remitted to appellant on the account the sum of $500, and promised to "remit in full in 45 days. If unsatisfactory advise and will return suits." At that time appellee owed appellant $1,811, which by subsequent payments was reduced to the sum sued for. This balance, due September 30th, was thus extended for 45 days, or, in other words, November 15th.

Without discussing the estoppel, it is apparent that appellee at no time sought a total rescission of the contract or tendered, or offered to tender, all the goods back to appellant, and thus offer to place the parties in statu quo. After so many months, say during months of July, August, and September, a partial payment is made, and, after further extension is secured to carry the account 45 days, or say to November 15th, and after a real and substantial reduction of the account is made, the appellee discovers that the goods do not come up to the contract, refuses to perform his contract, and tenders back 19 suits of clothes still in his possession, holding the goods to be valueless, and secures a judgment from the court vesting the title therein to appellant. We are bound by the findings here made by the court.

[1] The court is in error in concluding that the promise related to a future fact, and not as to have reference to a past or present condition or mere statement of intention or opinion uncertain to the knowledge of both parties. The promise related to past indebtedness. It secured a valuable right in an extension of the payment of a large indebtedness, and appellant thereby parted with a valuable right, to enforce its immediate collection at that time, but no injury is shown ·by the delay based on any promise not to plead the fraud then undiscovered. The partial payment on the account with the promise to pay the whole in 45 days, or the threat to "return suits" in the alternative, secured the time, which was granted because appellant believed the representation and relied upon it, but it is not apparent that there was any change in appellant's position for the worse.

[2] Estoppel is designed to prevent injustice and to protect those who have been misled by promises fair upon their face, and in the interest of justice, and they will not be heard to deny. To test the defense of estoppel as applied to the facts here, we have stated the case most favorably for appellant and most strongly against appellee.

[3] Appellee made no representation nor concealed any fact about the goods that changed appellant's position for the worse; he simply sought an extension of the payment of the debt he did not then contest. It did not in any way impair, defeat, or destroy the appellant's cause of action. There was no act or declaration that could be held to cure fraud, if any, in the sale of the goods on the part of appellant. There was no element of waiver in the request for extension of time to pay the debt which he was compelled by law to pay, if free from the vice of fraud. The appellant, who filled the order and sold the goods, was in as good a position as appellee to know the facts at time of sale and delivery. It cannot be said he was destitute of all knowledge. These facts do not constitute an estoppel. The representations do not create an estoppel; they secured, if anything, only an extension of payment. By an extension of payment it created no higher obligation to pay than the original promise. There was no promise, express, implied, or otherwise, that he waived any fraud in the sale of the goods to him, or that he would not plead it in any suit, but pay for the goods the court found wholly without value. Fraud has been said to vitiate all contracts.

Appellee made no false representation as to any fact to induce an extension of time, on which, if secured, he agreed to waive any defense of fraud in the sale of the goods. At

that time he had no knowledge of the vice in the goods, and the promise to pay the debt within 45 days was not a promise to abandon any right, thereby influencing appellant to change his position for the worse. If he had a valid contract upon which he could recover then, he has it now; it has not been impaired; for, if appellee was solvent then, he is solvent now. All the elements of estoppel are absent here. Davis, Receiver, v. Allison, 109 Tex. 440, 211 S. W. 980; El Paso & S. W. R. Co. v. Eichel & Weikel (Tex. Civ. App.) 130 S. W. 922, 939; Ward v. S. A. Life Ins. Co. (Tex. Civ. App.) 164 S. W. 1043; Sov. Camp, Woodmen of the World, v. Putnam (Tex. Civ. App.) 206 S. W. 970; Edwards v. Dickson, 66 Tex. 613, 2 S. W. 718; S. A. National Bank v. Conn (Tex. Civ. App.) 237 S. W. 357.

[4] There is no statement of facts filed, and each party relies on the court's findings. There is every presumption in its favor, and every fact presumed found necessary to support it.

We find no error in the judgment of the trial court, and the judgment is affirmed.