## LONGBOTHAM v. LEY.
### No. 9711.

Court of Civil Appeals of Texas. Galveston. March 3, 1932.

Rehearing Denied March 31, 1932.

L. N. Hull, Boyles, Brown & Scott, and Pat N. Fahey, all of Houston, for appellant.

W. P. Hamblen, of Houston, for appellee.

GRAVES, J.

The suit was by appellant against appellee upon a vendor's lien note for $2,503, dated October 23 of 1929, due on or before five years thereafter, bearing interest payable semiannually after its date, calling for attorney's fees, and providing that a failure to pay any interest installment thereon when due should at the election of the holder mature the note, including principal, interest, and attorney's fees, appellant alleging a failure to pay the third semiannual installment of interest when due, and that she had elected to mature the entire obligation, including principal, interest, and attorney's fees, and praying for judgment accordingly, including foreclosure of the vendor's lien therein retained.

The appellee answered, admitting the execution of the note and her liability thereon, but declaring, among other things, that appellant had no right to accelerate its maturity or at that time demand payment thereof, first, because no presentment nor demand for payment had ever been made, and, second, because appellant had told the appellee, especially after the execution of the note and before any installment of interest had become due thereon, that she would not demand the interest promptly when it became due, and that the appellee had relied upon that statement and relaxed her efforts to procure the money, which otherwise she could and would have done in time to have avoided the exercise of the option to mature so recited in the note.

Despite appellant's motion for instructed verdict at the close of the evidence, the trial court submitted the cause to a jury upon three special issues, in response to which a verdict was returned to the effect that, while the appellant did not in the interim between the execution of the note and the maturity of the interest thereon promise that she would notify appellee before demanding payment of the interest, she did tell her during such period that she would not demand the interest promptly when it became due, and that the appellee relied upon that statement. Judgment was entered on the verdict in appellant's favor for the interest then due on the note, which amount the appellee had deposited in the registry of the court along with her answer, but denying any recovery on the principal and attorney's fees.

Assailing the action so taken below, appellant in this court contends, in substance, that she was entitled to recover as prayed below, since no defense to her declared upon cause of action was either pleaded or proved, in that the most appellee showed was a mere naked promise on appellant's part not to in the future demand the prompt payment of the interest when due, which under the law of the case made all the issues submitted to the jury immaterial and entitled her to the judgment sought, citing, among others, these authorities: Lloyd v. Singleton (Tex. Civ. App.) 16 S.W.(2d) 891; Ward v. San Antonio Life Insurance Company (Tex. Civ. App.) 164 S. W. 1043; Workman v. Ray (Tex. Civ. App.) 180 S. W. 291; International Shoe Company v. Kaufman (Tex. Civ. App.) 270 S. W. 1109; Brunson v. Dawson State Bank (Tex. Civ. App.) 175 S. W. 438.

The appellee, upon the other hand, affirms the correctness of the trial court's decree, asserting the cause to clearly fall within the equitable doctrine of estoppel in pais, for the reasons that:

"First: That appellant told appellee after the note was executed and before the interest

was due that she would not demand the interest promptly when due on the note.

"Second: That appellee relied on such statement, and relaxed her efforts to procure the money, which otherwise she could and would have procured in time to have avoided the exercise of the option by appellant to declare the note due.

"Third: That such action worked an equitable estoppel upon appellant to declare the note due at that time."

In support of this answering position, such authorities are relied upon as Johnson v. Byler, 38 Tex. 606; Corbett v. Sweeney (Tex. Civ. App.) 151 S. W. 858; Union Mut. L. Insurance Company v. Mowry, 96 U. S. 544, 24 L. Ed. 674; Dickerson v. Colgrove, 100 U. S. 578, 581, 25 L. Ed. 618; Faxton v. Faxon, 28 Mich. 159; Edwards v. Dickson, 66 Tex. 613, 2 S. W. 718.

 After careful consideration of the cause, including a thorough reading of the statement of facts, we conclude that the trial court's judgment may be sustained upon the thus invoked principle of estoppel in pais. There is sufficient evidence to support the two findings of the jury that appellant did tell appellee after the note was executed and before the interest became due thereon that she would not demand the interest promptly when it matured, and that the appellee relied upon such statement; this, as we read the authorities cited upon both sides, makes an exception to the rule so ably urged in the opposing brief that "conduct creating an estoppel must amount to a representation or concealment of the existence of certain facts, and such facts must necessarily be something that has existed, or is existing at the time of the representation. Statements as to future facts amount to nothing but opinions or promises to do or not to do certain things. A statement of intention to do a certain thing is not the affirmation of the existence of a fact, but merely amounts to a promise which cannot form the basis for the creation of equitable estoppel. Citing Pom. Eq. 877 et seq." In this instance at the time the jury found this representation and conduct to have occurred there was an existing right in appellant to demand the interest promptly when due, and, on a failure to comply therewith, to elect to declare the entire note due; the contract had already been made, the executed and delivered obligation was outstanding in the hands of appellant, and, if in these circumstances she promised and led appellee to believe that she would abandon that right, and would not demand the forthcoming interest when it became due, and the latter relied upon that conduct, an estoppel would arise under these declarations from the Supreme Courts of the United States and of the State of Michigan, respectively, in the Mowry and Faxon Cases cited, supra.

From the Mowry Case: "The only case where a representation as to the future can operate as an estoppel is where it relates to the purposed abandonment of an existing right, and was intended to influence, and has influenced, the conduct of the party to whom it was made." From the Faxon Case: "The complainant may have estopped himself without any positive agreement, if he intentionally led defendants to do, or to abstain from doing, any thing involving labor or expenditure * * * by giving them to understand they should be relieved from the burden of the mortgages."

 Neither is a consideration necessary to create this equitable estoppel, as was also declared by the Supreme Court of the United States in the Dickerson Case, supra, in this language: "The rule does not rest on the assumption that he [the promisor] has obtained any personal gain or advantage, but on the fact that he has induced others to act in such a manner that they will be seriously prejudiced if he is allowed to fail in carrying out what he has encouraged them to expect."

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal, the trial court's judgment will accordingly be affirmed.

Affirmed.