### ROSS et al. v. ISAACS.

### No. 9767.

Court of Civil Appeals of Texas. Galveston.

July 22, 1932.

Rehearing Granted in part Sept. 29, 1932.

John B. Warren, of Houston, for appellants.

T. H. Stone and Blanchard & Woodul, all of Houston, for appellee.

LANE, J.

On the 15th day of August, 1930, E. C. Isaacs was indebted to John Ross in the sum of $8,000 evidenced by eight promissory notes, each for the sum of $1,000, executed and delivered by Isaacs to Ross, bearing interest at the rate of 6 per cent. per annum, payable annually on the 1st days of July, 1931, and each year thereafter until all notes were paid; said notes being payable, the first on the 1st day of July, 1931, and one on July 1st of each year thereafter until all were paid. It was also provided in the notes for 10 per cent. on principal and interest as attorney's fees if such notes were not paid when due and were placed in the hands of an attorney for collection. Such notes were secured by a vendor's lien on certain property and also by a deed of trust executed contemporaneously with the execution of the notes, wherein John B. Warren was named as trustee. It was provided by the terms of such deed of trust that Isaacs would insure and keep insured certain buildings upon the property covered by the liens mentioned, loss, if any, to be paid to Ross as his interest might appear.

It was also provided by such deed of trust that, until all of the notes were paid, Isaacs was to pay all taxes and assessments due on the above-mentioned property, and that in the

event Isaacs failed to pay such taxes when due and keep such property insured, Ross might pay such unpaid taxes, and that such should be considered as part of the expense of collection, but that such payment, if made by Ross, should in no wise be considered or constitute a waiver of the right of the holder of the notes to declare same, and all other indebtedness thereunder, to be due and payable.

Isaacs failed to keep the property insured as provided in the deed of trust, all taxes and assessments against the property involved were paid for all years up to the year 1929. The taxes due on the property for the year 1929 were not paid when due and the same were unpaid on the 1st day of July, 1930. Ross, having information that the taxes for 1929 had not been paid, had a conversation with Isaacs wherein he told Isaacs that he might have until September 1, 1930, to pay such taxes unless suit was instituted for the collection of same, but that, if such suit was brought, the taxes should at once be paid. Isaacs paid the 1929 taxes on the 16th day of August, 1930.

All interest due on the notes was paid up to July 1, 1930, and none of the notes were due until July 1, 1931.

On the 15th day of August, 1930, John Ross brought this suit against Ed. C. Isaacs to recover on the eight notes described in our preliminary statement, and for a foreclosure of the vendor's lien retained to secure payment of same, and for a foreclosure of his deed of trust lien described in his petition, for 10 per cent. attorney's fees as provided for in the notes and deed of trust, and for $111.02 which he alleges he had paid for taxes.

Plaintiff alleged that by the terms of the deed of trust defendant covenanted and agreed with plaintiff that he would insure and keep insured the improvements on the land conveyed and cause the loss, if any, to be payable to the trustee named in the deed of trust for the benefit of plaintiff, which covenant and agreement he had wholly failed to perform.

Plaintiff also alleged as authority for declaring all notes due and payable that, by the terms of the deed of trust, the defendant had covenanted and agreed with plaintiff that until all notes were paid he would pay all taxes and assessments on the premises conveyed, and that, if he failed to keep such premises insured, or to pay the taxes when due, plaintiff might pay same, and that such payment should be considered as a part of the expenses of collection and be paid out of the proceeds of the sale of the property together with 10 per cent. interest per annum thereon from the time of payment; that the exercise of such right should, however, in nowise be considered a waiver of the right of the holder of the notes to declare same, and all other indebtedness thereunder, to be due and payable.

He further alleged that on the 12th day of August, 1930, the taxes due on the premises conveyed for the year 1929 were past due and unpaid, and that on said date he paid such taxes, as he was being threatened with suit therefor. That as he was, at the time he paid such delinquent taxes, the owner and holder of the eight notes, he declared all of them due and payable, and for the purpose of collection placed them in the hands of his attorney.

Defendant answered, pleading a waiver of the clause in the deed of trust authorizing plaintiff to accelerate the maturity of the notes, if any such clause existed, by reason of the failure of defendant to keep the premises insured and the taxes paid.

Defendant also pleaded that plaintiff was estopped to declare the notes sued on due and payable, because of the failure of defendant to keep the premises insured and taxes paid; that Ross, by his actions and conduct, had led appellee to believe that he would not insist upon a compliance with the provisions of the deed of trust with reference to keeping the improvements insured and promptly paying taxes, and, therefore, appellant was estopped to declare the notes due and payable; that there was no past due principal or interest due on the notes at the time Ross instituted his suit.; that no formal demand was made by Ross for the payment of said notes prior to the filing of this suit; that no presentment for payment of the notes sued on was made by Ross upon appellee for the payment of the notes sued on at his place of business or elsewhere before suit was filed; that the first notice that appellee had that Ross had attempted to accelerate the maturity of the notes sued on herein on account of failure to insure improvements and promptly pay taxes was by letter which was received after the suit had been filed; that appellee alleged that the suit was filed for the sole purpose on the part of Ross to injure and harass appellee and to collect the 10 per cent. attorney's fees provided for in said note, and that the action on the part of Ross in filing said suit was both inequitable and unconscionable.

The plaintiff, by supplemental petition, demurred generally to the facts pleaded by defendant upon the grounds that they were insufficient in law to constitute a defense, and further that they were insufficient to constitute a waiver of plaintiff's contract right to declare due the notes sued on for nonpayment of taxes when due, and, further, insufficient to constitute a waiver of plaintiff's right to declare the notes due for failure to keep the premises insured.

Plaintiff specially pleaded the notes were payable "on or before" and that defendant had the privilege of paying the same at any time, and, if any such agreements as alleged were made, which was denied, that same were without consideration and wholly void and unenforceable in law.

Such demurrers and pleas were overruled by the court.

There was a trial before a jury and at the close of plaintiff's evidence in chief, the court, on motion of defendant therefor, instructed a verdict for defendant upon defendant depositing in the registry of the court the sum of $131.65 to be paid to plaintiff.

Judgment was rendered for plaintiff for the $131.65 but he was denied all other relief. Plaintiff filed a motion for a new trial. Between the filing of the motion for a new trial and the time it was acted upon, the plaintiff died testate. Henry Ross was appointed temporary administrator, with authority to prosecute this suit. Afterwards the will was discovered and duly probated and the motion for a new trial being overruled, the temporary administrator and the independent executrix, Viola Ross Taylor, and husband, Faulkner Taylor, perfected this appeal.

For reversal of the judgment appellant makes the following proposition: "By the terms of the deed of trust the plaintiff had the right to accelerate the maturity of the notes and proceed to collect the same on the failure of the defendant to pay the taxes on the property conveyed as they came due, or on the failure of the defendant to keep the improvements on the property insured, both of which events having happened, the plaintiff had the right to maintain this suit against the defendant, and it was not necessary that plaintiff allege or prove that he had notified the defendant that he had exercised his right to declare the notes due, or to make demand for the payment thereof before the filing of this suit."

■ We overrule appellant's contention. We have read and re-read the deed of trust in question and we find that there is no term or provision therein authorizing the holder of the notes sued on to accelerate the maturity of same, or any other indebtedness payable by appellee, Isaacs, upon his failure to keep the property conveyed and covered by the deed of trust insured, or upon his failure to pay the taxes assessed against such property when due, as asserted by appellant's proposition. Nor is there to be found in the statement of facts any covenant or agreement between the parties that the holder of the notes might at his option accelerate the maturity of such notes, or any other indebtedness owing by appellee.

Since, then, as shown by the allegations of the plaintiff's petition and the undisputed evidence, none of the notes nor the interest thereon was due, the suit on the notes was immaturely brought, and for this reason alone, if for no other, the court's peremptory instruction for the defendant should be sustained.

However, there is another good and sufficient reason for sustaining the ruling of the trial court; that is, upon the equitable estoppel pleaded by appellee.

Appellee alleged, and the undisputed evidence shows, that on or about the 1st day of July, 1930, at a time when the taxes assessed against the property for the year 1929 were past due and unpaid, John Ross told appellee that he might have until the 1st of September, 1930, to pay such taxes, unless suit was instituted to collect same before that date; that no suit was brought to make such collection; that appellee relied upon such agreement, but he did pay such taxes on the 16th day of August, 1930; that, relying upon such agreement, appellee relaxed his effort to procure the money and pay such taxes until August 16, 1930, which otherwise he could and would have procured in time to have avoided the exercise of the option by the plaintiff to declare the notes due by reason of appellee's not having sooner paid such taxes, even should it be conceded that plaintiff Ross had any such option, which concession is not made, but expressly denied. Corbett v. Sweeney (Tex. Civ. App.) 151 S. W. 858; Union Mutual Ins. Co. v. Mowry, 96 U. S. 544, 24 L. Ed. 674; Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618; Edwards v. Dickson, 66 Tex. 613, 2 S. W. 718; Longbotham v. Ley (Tex. Civ. App.) 47 S.W. (2d) 1109.

■ A consideration to create the equitable estoppel pleaded and shown was not necessary. Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618.

The rule as announced by the authorities cited does not rest on the assumption that the promisor has obtained any personal gain or advantage, but on the fact that he has induced others to act in such a manner that they will be seriously prejudiced if he is allowed to fail in carrying out what he has encouraged such others to expect.

For the reasons pointed out the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

As shown by our original opinion, we affirmed the judgment of the trial court upon two theories, to wit: First, holding that there was no provision in the notes or deed of trust which authorizes the holder of the notes sued on to accelerate the maturity thereof upon the failure of Isaacs, the maker, to keep the property conveyed and covered by the deed of trust insured, or to pay the taxes assessed against such property when due, nor was it shown that there was any covenant or agreement between the parties that the holder of the notes might, at his option and without notice to Isaacs, the payor, accelerate the maturity of the notes; second, holding that the undisputed evidence shows that on or about the 1st day of July, 1930, the taxes assessed against the property covered by the deed of trust for the year 1929 were past due and unpaid, John Ross, the holder of the notes, agreed with Isaacs that he might have until the 1st of September, 1930, to pay such taxes,

and that Isaacs, relying upon such agreement, did not pay such taxes until the 16th day of August, 1930; that, relying upon such agreement, Isaacs did not pay such taxes sooner, as he could have done had such agreement not been had, and, therefore, Ross was estopped to exercise his option to accelerate the maturity of the notes by reason of Isaacs' failure to promptly pay said taxes, if it be admitted that he ever had such option.

Appellant has filed his motion for rehearing and attacks our holding last mentioned as not being supported by the record, insisting that the evidence on the issue was conflicting.

█ After more careful inspection of the statement of facts, we find that we were in error in holding that the undisputed evidence on the issue as to whether John Ross, the holder of the notes, had agreed with Isaacs, the maker, that he would be permitted to pay the taxes involved at any time before September 1, 1930. We now find that the question as to whether such agreement was made, is, as a fact, a disputed issue, and, as the judgment was upon an instructed verdict for the defendant Isaacs, it cannot be sustained upon conflicting evidence as to an alleged agreement as to the payment of taxes. We, however, adhere to our conclusion that there is no provision in the deed of trust, nor in the notes sued on, authorizing either the holder of the notes or the trustee named therein to declare the notes due by reason of default being made in the payment of taxes, or to keep the property insured.

By the terms of the deed of trust Isaacs contracted and agreed with John Ross to insure and keep insured the improvements on the land covered by such deed of trust and cause the loss, if any, to be paid to the trustee, John B. Warren, for the benefit of John Ross; that by such deed of trust Isaacs also agreed to pay all taxes assessed against said property as it accrued, until all the notes mentioned in such deed of trust were paid. By the terms of the deed of trust it is provided that, if default should be made in the payment of the notes secured, or any of them, or any installment of interest thereon when due, or in case of the breach of any of the agreements or covenants therein mentioned, the trustee is authorized, when requested to do so by the holder of the notes, or any of them, after such default, to sell the property for cash and to apply the proceeds of such sale, first, to the payment of all necessary costs incident to the execution of the trust, including a commission of 2 per cent. on the amount of such proceeds as the compensation of the trustee; second, to the payment of notes then unpaid, principal, interest, and the attorney's fees provided in the notes, as shall have then accrued, and all taxes assessed, and all taxes assessed against the property, the insurance premiums or other advances made by John Ross, as provided in the deed of trust, with interest thereon. It is then recited as follows: "It being understood and agreed that when default shall be made in the payment of said notes, or any of them, or any part thereof, when due, or of any installment of interest thereon, said notes shall become at once due and payable at the option of the holders thereof."

Such deed of trust contains the following recital by Isaacs: "If I shall fail to pay said insurance premium, or said taxes and assessments when due, the Trustee or the holder of said notes may pay the same, and such payment shall be considered as part of the expenses of the execution of this trust and paid as such out of the proceeds of the sale of said premises hereby conveyed, together with interest thereon at 10 per cent per annum from the time of payment by such trustee or holder; provided, however, that the exercise of the right of advancement herein provided for shall in no wise be considered or constitute a waiver of the right of the holder of said notes to declare same, and all other indebtedness hereunder, to be at once due and payable."

No one can reasonably contend that there is anything in either the notes sued on or the deed of trust which expressly or otherwise authorized the trustee to bring suit on the notes because of the failure of Isaacs to pay the taxes on the property covered by the deed of trust or to keep such property insured. By such deed of trust the trustee was authorized only upon the failure of Isaacs to pay such taxes and keep up such insurance, and then only at the request of the holder of the notes, to sell the property covered by the deed of trust. Neither by the notes nor the deed of trust is the holder of the notes authorized to accelerate the maturity of the notes by reason of the failure to pay taxes or keep up insurance by Isaacs. The only power conferred upon the trustee by the provisions of the deed of trust is to sell the property, under the terms of the deed of trust, and to apply the proceeds of such sale to the payment of the items mentioned, including 2 per cent. on the amount of such proceeds as his compensation. No authority by the terms of the deed of trust was conferred upon either the trustee or the holder of the notes to accelerate the maturity of the notes by reason of the failure of Isaacs to pay taxes and to insure the property.

The authority for the acceleration of the maturity of the notes, as set out in the deed of trust, is as follows: "It being understood and agreed that when default shall be made in the payment of said notes, or any of them, or any part thereof, when due, or of any installment of interest thereon, said notes shall become at once due and payable at the option of the holders thereof."

It is shown by the undisputed evidence that at the time this suit was filed no default had been made in the payment of any of the notes, or of any part thereof, or of any installment of interest thereon.

Upon these undisputed facts shown by the record, it is clear from the authorities that appellant cannot maintain this suit for the recovery of his entire loan. Even if the notes had contained a provision for acceleration of the payment of all upon the failure to pay accrued interest, and there had been default in the payment of any interest due thereon, the holder of the notes, which contain no waiver of presentment, could not declare all of them due without formal demand for payment of the interest, and notice of the exercise of his option to accelerate the payment of all of the notes. Article 5937, § 82, Revised Statutes 1925; Beckham v. Scott (Tex. Civ. App.) 142 S. W. 80; Griffin v. Reilly (Tex. Civ. App.) 275 S. W. 242; Parker v. Mazur (Tex. Civ. App.) 13 S.W.(2d) 174.

It is also clear to us that, if the deed of trust had authorized the appellant at his option to accelerate the payment of all of the notes upon default of the appellee in payment of taxes or obtaining insurance upon the property, he could not exercise such option without demand and notice to appellee. Such options of acceleration are not self-executing. The exercise of such power is harsh in any case, and, upon the facts of this case, every principle of equity would forbid the exercise of such power without notice, if the option for acceleration was contained in the contract sued upon.

The motion for rehearing is refused.

Refused.