Charles BOWES, trustee, Anthony A. Fizzano, Anthony A. Fizzano Life Insurance Trust, Guy T. Fizzano, and Guy T. Fizzano Life Insurance Trust, Plaintiffs,

v.

THE TRAVELERS INSURANCE COMPANY, Defendant.

No. CIV. A. 01–710.

United States District Court, E.D. Pennsylvania.

Oct. 4, 2001.

Paul A. Buco, Davis and Bucco, P.C., Spring House, PA, for Plaintiffs.

Marshall J. Walthew, Matthew Miner, Dechert, Price & Rhoads, Philadelphia, PA, for Defendant.

## *OPINION*

POLLAK, District Judge.

In this diversity insurance action arising under Pennsylvania law, plaintiffs claim that defendant The Travelers Insurance Company breached contracts with respect to life insurance policies for Anthony A. Fizzano and Guy T. Fizzano, that defendant perpetrated a fraud upon the Fizzanos, and that defendant violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law. Plaintiffs seek, *inter alia,* a declaratory judgment of their asserted contract rights and also reformation of the two life insurance policies. After paying premiums for thirteen years, plaintiffs initiated suit in this court, voluntarily dismissed their case, and re-filed in the Court of Common Pleas for Delaware County. The Travelers subsequently removed the case to this court. Now before the court is The Travelers' Motion to Dismiss.

## Background

Anthony A. Fizzano and Guy T. Fizzano purchased universal life insurance policies [1] from The Travelers in February 1988 and August 1988, respectively. Both plaintiffs dealt with The Travelers' agent Gary Daniels, and both established trusts for their policies and named Charles P. Bowes as trustee. The two policies each carried a death benefit of $1,500,000; annual premiums were set at $17,494.00 for Anthony and $17,403.60 for Guy. [2] The Fizzanos claim that, in their dealings with Daniels, it was agreed that they were purchasing "ten-year vanishing premiums," whereby plaintiffs would only owe premiums for ten years "and that the full amount of coverage was guaranteed through the date of maturity." (Pls.Compl. ¶ 12.) The Travelers maintains that the written policies do not refer to "vanishing premiums," that the policies directly contradict plaintiffs' allegations, and that the policies are controlling.

## Breach of Contract Claim

The bases of the breach of contract claim are that The Travelers did not furnish plaintiffs with ten-year vanishing premium life insurance policies, and that The Travelers charged and accepted premiums beyond ten years. (Pls.Compl. ¶¶ 22, 24, 28, 30.) In their Brief Opposing Defendant's Motion to Dismiss, plaintiffs further explain that the contracts consisted of the oral agreements between Daniels and the Fizzanos. According to their interpretation of contract law, the offer consisted of Daniels' oral representations, and the acceptance consisted of the Fizzanos' first premium payments. (Pls' Br. Opposing

Mot. Dismiss at 5–6.) Plaintiffs emphasize that the written policies were issued after they had made their first premium payments. *Id.* at 6.

■■■ While this is certainly an interesting approach to contract interpretation, it is an approach that causes one to wonder what purpose was thought to be served by the lengthy written insurance contracts issued to the Fizzanos. Pennsylvania courts have long held that written contracts supersede previous oral agreements. *Gianni v. R. Russell & Co., Inc.,* 281 Pa. 320, 126 A. 791 (1924), for example, is a case still cited for this proposition.

When does the oral agreement come within the field embraced by the written one? This can be answered by comparing the two, and determining whether parties, situated as were the ones to the contract, would naturally and normally include the one in the other if it were made. If they relate to the same subject-matter and are so interrelated that both would be executed at the same time and in the same contract, the scope of the subsidiary agreement must be taken to be covered by the writing. . . .

. . . .

In cases of this kind, where the cause of action rests entirely on an alleged oral understanding concerning a subject which is dealt with in a written contract it is presumed that the writing was intended to set forth the entire agreement as to that particular subject.

*Id.* at 792. This familiar learning has not been confined to Pennsylvania. The United States Supreme Court expressed a sim-

---

1. As explained by The Travelers, universal life insurance, as opposed to term life insurance, combines life insurance with an investment component. "[T]he cost of insurance and expense charges are deducted from the premiums paid and the excess monies are credited

with interest." (Def. Mem. Supp. Dismiss at 8.)

2. Guy T. Fizzano's premiums were initially set at $15,000 per year, but were later raised to $17,403.60.

ilar view back in 1877, in *Union Mut. Life Insurance Co. v. Mowry*, 96 U.S. 544, 24 L.Ed. 674 (1877):

> But to this position there is an obvious and complete answer. All previous verbal arrangements were merged in the written agreement. The understanding of the parties as to the amount of the insurance, the conditions upon which it should be payable, and the premium to be paid, was there expressed, for the very purpose of avoiding any controversy or question respecting them. The entire engagement of the parties, with all the conditions upon which its fulfilment could be claimed, must be conclusively presumed to be there stated....
>
> The previous representation of the agent could in no respect operate as an estoppel against the company.

*Id.* at 547.[3] Accordingly, I conclude that it is the written insurance agreements, not the Fizzanos' conversations with Daniels, that constitute the contracts.[4] Hence, the plaintiffs' breach of contract claims, which rely solely on the supposed oral agreements, will be dismissed.[5]

**3.** The universality of this proposition is also evidenced in the Restatement: "An integrated agreement supersedes contrary prior statements ...." Restatement (Second) of Contracts § 209 cmt. a (1981).

**4.** If plaintiffs were suing on the written insurance agreements, a question would, presumably, arise as to the admissibility in evidence of Daniels' alleged oral representations to explain or qualify provisions of the written agreements. As a general matter, in the absence of fraud, accident, or mistake, parol evidence is not admissible, *Gianni*, 126 A. at 792. Plaintiffs do not allege accident or mistake, but do claim that they were fraudulently induced to purchase the insurance policies. In a diversity breach of contract case arising under Pennsylvania law, the Third Circuit made it clear that fraud is not an exception to the parol evidence rule, but rather that "evidence of fraud in the inducement will suspend the parol evidence rule because fraud pre-

## Fraud Claim

Plaintiffs also claim that The Travelers fraudulently misrepresented the terms and conditions of the two insurance policies in question. These fraud claims are based on statements allegedly made in 1988 by Daniels regarding the operation of the policies (Compl.¶ 34) and additional statements by Daniels in 1998, 1999, and 2000 that premium payments would end soon (Compl.¶¶ 36–39). Because the present action was initiated in January of 2001, Pennsylvania's two-year statute of limitations for fraud claims, 42 Pa. Cons.Stat. Ann. § 5524(7) (West Supp.2000), bars the fraud claims based on statements made in 1988 and 1998. The 1999 and 2000 statements, however, are within the two-year statute of limitations and are thus timely.

Pennsylvania courts apply a broad understanding of fraud: "A fraud consists in anything calculated to deceive, whether by single act or combination, or by suppression of truth, or a suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or silence, word of

vents formation of a valid contract," *Mellon Bank Corp. v. First Union Real Estate Equity & Mortgage Investments*, 951 F.2d 1399, 1408 (3d Cir.1991), and hence that the consequence of finding fraud in the inducement is that the contract is stricken. Therefore only two remedies are available to a party who relies on fraud in the inducement: rescission of the contract, or affirmation of the contract accompanied by an action in deceit for damages. *Id.* Because the plaintiffs here do not seek either to rescind or to affirm the contract, but to reform it, plaintiffs could not rely on a fraud in the inducement claim to suspend the parol evidence rule.

**5.** Plaintiffs seek declaratory judgment relating to the validity of the supposed oral agreements with Daniels. In accordance with my decision to dismiss the breach of contract claims, the request for declaratory judgment will likewise be dismissed.

mouth, or look or gesture." *Frowen v. Blank,* 493 Pa. 137, 425 A.2d 412, 415 (1981). The elements of fraud are: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Gibbs v. Ernst,* 538 Pa. 193, 647 A.2d 882, 889 (1994).

■ Taken as a whole, plaintiffs' allegations constitute a prima facie case of fraud for the 1999 and 2000 statements. Nevertheless, The Travelers maintains that it was unreasonable as a matter of law for the plaintiffs to rely on any statements by its agent in 1999 and 2000 because the statements contradicted the terms of the written policy. (Def. Mem. Supp. Dismiss at 18–19.) In a case with similar facts, however, my colleague Judge Yohn held otherwise. In *Falbo v. State Farm Life Insurance Co.,* No. Civ. A. 96–5540, 1997 WL 116988 (E.D.Pa. Mar. 13, 1997), the plaintiff alleged that an insurance agent misled him with regard to the terms of his policy. It was only after he contacted the insurance company directly that he discovered what the policies provided. Judge Yohn held that these allegations of fraud raised sufficient factual issues to require that the question be reserved for the factfinder. *Id.* at *11. I agree. The determination of whether or not it was justifiable for the Fizzanos to rely on the statements of The Travelers' agent in the face of contrary written policies involves issues of material fact whose resolution should be reserved for the jury. Defendant's motion to dismiss the fraud claim will therefore be denied.

**Reformation of the Contract**

■ Plaintiffs seek to reform their contracts, to conform with the oral representations allegedly made to them by The Travelers' agent. Reformation is a little-used remedy that is appropriate when "a valid contract between the parties was created but, for some reason, was not properly reflected in the instrument that memorializes the agreement." *H. Prang Trucking Co., Inc. v. Local Union No. 469,* 613 F.2d 1235, 1239 (3d Cir.1980). As stated above, the written policies that were issued in 1988 are the controlling documents in this case. If the policies did not reflect what the Fizzanos thought they were agreeing to, a suit for reformation should have been initiated many years ago. The current demand for reformation is barred by Pennsylvania's four-year statute of limitations for contract claims. 42 Pa. Cons.Stat. Ann. § 5525 (West Supp. 2000). Hence, plaintiffs' claim for reformation will be dismissed.

**Unfair Trade Practices Claim**

■ Plaintiffs allege that The Traveler's conduct violates sections 201–2(4)(xvii) and 201–3 of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). Section 201–2(4)(xvii) does not apply to the present case, but instead refers to "[m]aking solicitations for sales of goods or services over the telephone." Pa. Stat. Ann. tit. 73, § 201–2(4)(xvii) (West Supp.2000). Because there are no allegations of telephone solicitations in the complaint, this section is clearly not applicable. Section 201–3 does not help plaintiffs because it merely declares that acts and practices listed in section 2 are unlawful. *Id.* § 201–3. The UTPCPL claims will therefore be dismissed.

**Conclusion**

An appropriate order accompanies this opinion.

## ORDER

For the reasons set forth in the Opinion issued herewith, defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiffs' request for declaratory judgment (Count I), breach of contract claims (Counts II and III), and requests for reformation of contract (Counts V and VI) are hereby DISMISSED. The claims of fraud (Count IV) relating to alleged statements made in 1988 and 1998 are hereby DISMISSED. Defendant's motion is DENIED with respect to statements allegedly made in 1999 and 2000. The Unfair Trade Practices claim (Count VII) is DISMISSED.